The appellant, Marion B. Reynolds, sued the appellee, J.P. Reynolds, for a divorce on October 13, 1978 on grounds of incompatibility. She appeals from the final decree. We affirm in part and reverse in part.
The parties in this lawsuit were married on April 6, 1974 and remained so for approximately five years whereupon a final decree of divorce was granted by the trial court on April 30, 1979. Mr. and Mrs. Reynolds had known each other most of their lives; each had been previously married — she widowed and he divorced; and each had grown children. There were no children born from this second marriage. J.P. Reynolds owns stock in a successful hardware store, Reynolds Bros. Ace Hardware, Inc. Marion Reynolds dropped out of college after approximately one and a half years to marry her first husband. Her only work experience consists of working in a dress shop, teaching school six months under an emergency certificate during the war, and working as a receptionist for her father in his doctor's office. After her marriage to J.P. Reynolds, she maintained the home and performed other duties of a housewife. Though there is some dispute as to Mr. Reynolds' net estate, he admits that his gross estate totals $754,800. Mrs. Reynolds' total assets amount to $86,400. The evidence showed that her income was minimal at best — amounting to approximately $2,000 a year. The trial judge awarded Mrs. Reynolds all of her separate estate which she possessed before her second marriage. This consisted of inherited lands with a home and small office in Millry; some cash and certificates of deposit; her 1976 Cutlass Oldsmobile, partially paid for by a trade-in of her old car; one-half interest in some jointly owned property which will provide her with around $10,000 after the sale; and $2,500.00 as alimony in gross.
The evidence shows that prior to their marriage, the parties had entered into an antenuptial agreement which stated in pertinent part:
 That the party of the first part [Marion Reynolds], as the spouse or widow of the party of the second part [J.P. Reynolds], waives and relinquishes any rights claims or interest of any kind or nature as provided for by the laws or statutes of the State of Alabama, or otherwise, to any property owned by the party of the second part, whether previously acquired or acquired in the future and whether owned by the party of the second part before marriage to the party of the first part or acquired after the marriage to the party of the first part, and whether said property is real, personal or mixed.
The appellant contends that the agreement is immaterial and should not have been admitted into evidence, as the husband had his attorney draw up the instrument, she did not have legal counsel or independent advice from anyone, as well as no knowledge of the true value of Mr. Reynolds' assets.
The husband claims that the agreement is valid and admissible but that the admission was immaterial because of the weight given to it by the trial court.
Though antenuptial agreements are valid in Alabama, Allisonv. Stevens, 269 Ala. 288, 112 So.2d 451 (1959), the trial court obviously did not consider the agreement binding on the parties in the case at bar, because it awarded the wife alimony in gross and a small property settlement. Also, there is evidence to support a finding that the agreement was not binding on the wife. Furthermore, there is no cross-appeal by the husband. Accordingly, the real issue for decision by this court is whether the amount of the alimony and property awarded to the wife is insufficient. We think it is and reverse. *Page 734 
It is settled in Alabama that a trial court has wide discretion in making a property division and in awarding alimony in gross. This discretion is to be exercised in a judicial and not arbitrary manner and is subject to review on appeal. Shirley v. Shirley, Ala.Civ.App., 350 So.2d 1041
(1977). We would point out, however, that a division of property does not call for an equal division but an equitable one. Weeks v. Weeks, Ala.Civ.App., 373 So.2d 848 (1979). Likewise, an award of alimony in gross is supposed to compensate a wife for loss of her inchoate marital rights and to give her the present value of her future support had she remained married. Hager v. Hager, 293 Ala. 47, 299 So.2d 743
(1974).
Furthermore, in determining the amount of alimony to be awarded in a divorce case, a trial court should consider the following factors: the financial circumstances of the parties; the parties' future prospects; the parties' standard of living during their marriage and their potential for maintaining or exceeding that standard after the divorce; their ages, sex and health; the length of their marriage; the source of their common property; and, in appropriate circumstances, the conduct of the parties with reference to the cause of the divorce.Hughes v. Hughes, Ala.Civ.App., 362 So.2d 910, cert. den., Ala., 362 So.2d 918 (1978).
In Smith v. Smith, Ala.Civ.App., 369 So.2d 1235, cert. den., Ala., 369 So.2d 1239 (1979), this court held that a division of property award that amounted to about eighteen percent of the husband's estate was insufficient and required the trial court to award the wife an additional $250,000 as alimony in gross. It is, of course, recognized that in the Smith case the parties had been married for twenty-four years and that a sizeable portion of the husband's estate was accumulated during the marriage. Nevertheless, the parties were in their mid-forties and the wife had two and a half years of college and had worked as a bank teller in the early years of the marriage. She did not have those employment skills that would enable her to earn enough money to live in the style to which she had become accustomed during her marriage.
In the case at bar the facts show that the parties being divorced were in their mid to late fifties and were in reasonably good health. The husband's estate was valued at about $750,000, his gross income for 1977 as reflected by the parties' joint income tax was about $88,000, and the testimony was to the effect that his 1978 gross income would be in the $70,000 to $80,000 range. According to the evidence, his future financial prospects were excellent.
The wife had an estate of about $86,000 at the beginning of the marriage, from which she received about $2,000 a year income. She had held several part-time jobs during her first marriage and for a time after the death of her first husband. She has one and one-half years of college, but no readily marketable employment skills. Due to her age and lack of training, the wife's future earning prospects do not appear to warrant a conclusion that she will be able to maintain the standard of living to which she had become accustomed while married to appellee, albeit a short marriage. The parties were married for only five years.
Notwithstanding the short length of the marriage, i.e. five years, the amount awarded to the wife from the estate of the husband amounted to less than two percent of his net estate. The wife was awarded $2,500 as alimony in gross, $10,000 from the sale of a waterfront lot, and an automobile, part of the cost of which was paid for by the trade-in of an automobile she owned prior to the marriage.
Also, it should be noted that the house the parties built and furnished during their marriage, and which was valued between $120,000 and $140,000, was given to the husband. The wife received nothing from this marital asset.
After a careful consideration of all the evidence, including the shortness of the marriage, it is the opinion of this court that the award to the wife as alimony in gross and property division of less than two percent *Page 735 
of the estate of the husband is totally inadequate and amounts to an abuse of the trial court's discretion. We therefore reverse the trial court's award of alimony in gross and direct that court to amend its decree to reflect an award to the wife of alimony in gross of $40,000. The other provisions of the decree are affirmed.
The wife also contends that the trial court erred in refusing to grant to the wife an attorney's fee. As the appellee correctly states, the issue of the husband paying the fee of the wife's attorney is discretionary with the trial judge and the exercise of such discretion will not be revised except for an abuse of that discretion. Smith v. Smith, Ala.Civ.App.,365 So.2d 88 (1978). We find no abuse of discretion in the refusal to award attorney's fee. Request for award of attorney's fee on appeal is denied.
ATTORNEY'S FEE DENIED.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED WITH DIRECTIONS.
WRIGHT, P.J., and HOLMES, J., concur.