This is an appeal from a divorce decree.
Tobye M. Jones and Keith S. Jones were married on June 1, 1975 and divorced on October 21, 1983. The divorce decree provided that, in addition to paying $250 per month in child support, Mr. Jones should pay various debts owed by his former wife, Mrs. Jones, repay Mrs. Jones' mother, Gladys Moncus, for various debts owed to her, and maintain medical insurance on the couple's minor child, Hunter McCain Jones. Mrs. Jones was given custody of the child, title to the couple's home and automobile, and extensive personal property, including furnishings and appliances. Mrs. Jones appeals, asserting that the trial court erred in: (1) failing to order Mr. Jones to repay her for money spent for his support and educational expenses while he was in undergraduate and law school, (2) failing to consider Mr. Jones' law degree and admittance to the bar as an asset of the marriage when dividing marital property and/or determining an amount of alimony, (3) failing to provide adequate child support for the couple's minor son and (4) failing to award Mrs. Jones reasonable attorney fees.
The following facts were presented to the trial court: Between 1975 and 1980, while her husband pursued his undergraduate and law degrees, Tobye Jones was employed as a social worker with the Huntsville city schools. Her income during that period was almost the exclusive source of earned income for the couple. However, her income was heavily subsidized by her mother, Mrs. Moncus, through gifts and various joint savings and trust accounts.
During the three years he was attending law school in Birmingham (Mrs. Jones remained in Huntsville), Mr. Jones roomed and boarded with Mrs. Moncus and attempted to keep his expenses at a minimum. *Page 1008 
During this same period, Mrs. Jones' lifestyle remained unchanged by the couple's financial straits. With her mother's help, she lived essentially as she had previously. The record shows that rather than relying upon his wife's income to pay school expenses, Jones borrowed $15,000 to finance his law school tuition and books and that he sent as much as $2,000 per year of this money to Mrs. Jones for placement in their joint account in Huntsville.
While in law school, Jones traveled to Huntsville on weekends to be with his wife. Nevertheless, the couple drifted apart. The breakdown of their marriage continued after Jones left school and began his practice in Huntsville. He began seeing at least one other woman. The wife alleges that this was the sole factor leading to their divorce. Jones asserts other factors, including his wife's spendthrift ways and lack of affection.
The divorce decree required Jones to pay $250 monthly as child support. He had previously signed a promissory note obligating himself to repay Mrs. Moncus approximately $15,000 at a rate of $400 per month for money she advanced to Mrs. Jones while he was in school. He also executed a second promissory note agreeing to repay Mrs. Moncus $4,125 for the room and board he received while living with her. He is also currently paying $124 per month on his student loan and $200 per month in support of two children by a previous marriage.
In regard to Mrs. Jones' first, third and fourth alleged errors, we have frequently held that the awarding of attorney's fees, Gilliland v. Gilliland, 422 So.2d 299 (Ala.Civ.App. 1982), child support, Wilbanks v. Wilbanks, 424 So.2d 641
(Ala.Civ.App. 1982), alimony, Ashbee v. Ashbee, 431 So.2d 1312
(Ala.Civ.App. 1983), and division of property, Eastman v.Eastman, 429 So.2d 1058 (Ala.Civ.App. 1983), are all within the sound discretion of the trial court. The exercise of that discretion is presumed correct and will be disturbed on appeal only if unsupported by legal evidence or if palpably wrong.Smith v. Smith, 429 So.2d 1080 (Ala.Civ.App. 1983). Though substantially more evidence was presented at trial concerning various transactions entered into by and between the couple, a reiteration of those facts here would serve no useful purpose. It is sufficient to say that our review of the record reveals no palpable error nor abuse of discretion in the adjudication of attorney's fees, child support, alimony, or division of property. Therefore, giving proper deference to the ore tenus presumption of correctness, we affirm the court's determination in these matters.
The direct contention that the husband's law degree and bar membership constitute divisible assets of the marriage has not previously been presented to this court.
The trial court's division of property and determination of alimony in divorce cases heard ore tenus is presumed correct.Butts v. Butts, 418 So.2d 161 (Ala.Civ.App. 1982). We have said that in exercising its discretion in those matters, the trial court may consider any number of factors including: the earning ability of the parties, their future prospects, their age, health, the duration of their marriage, their standard of living, the value and type of property owned by them, and the conduct of the parties. Butts, supra at 163. Other factors to be considered are each spouse's training, education, experience, job and professional history, earning record and any other matter which would be material to the issues and of assistance to the court in reaching a just and fair decision.Elliott v. Elliott, 410 So.2d 74 (Ala.Civ.App. 1982). We recognize that decisions in some other jurisdictions have held a professional degree acquired by one spouse during the marriage to be tantamount to a marital asset, Inman v. Inman,578 S.W.2d 266 (Ky. 1979). We also recognize contrary authority in other jurisdictions. In re Marriage of McManama,179 Ind. App. 513, *Page 1009 386 N.E.2d 953 (1979), superseded on other grounds, 272 Ind. 483,399 N.E.2d 371 (1980). See generally, Annot. 4 A.L.R. 4th 1294 (1981). We are not prepared to hold such degrees to be marital property in this state. The possession of a law degree and the pursuit of the practice of law may be an asset of the marriage to the extent that it produces income from which alimony and/or child support may be paid. It may have made possible the securing of divisible property, both real and personal, during the marriage which may be divided or dispersed in a divorce decree. However, we are not prepared to hold as a matter of law that a law degree earned by one after marriage, with the encouragement (even sacrifice), and financial assistance of the marriage partner, must be assessed a value and a portion of such value ordered paid to the assisting partner at the time of divorce.
We need not consider so holding in this case because there was no evidence relating to the value of the husband's law degree, either past, present or future. There was only evidence relating to the cost of pursuing and securing it. That evidence tended to disclose that a substantial part of such cost was derived from loans from banks and Mrs. Moncus to the husband and for which he continues liable. There was some evidence that the wife maintained the family home and furnished substantial necessary logistical support for the marriage. For that she is to be commended. There is indication that insofar as there were marital assets, the court attempted to appropriately reward her. She received substantially all of those tangible assets. In view of the total evidence, including the individual income and assets of the wife and the income and obligations of the husband, we find no abuse of the discretion of the court below in the divorce decree.
Appellant's request for attorney's fees on appeal is denied.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.