This is a divorce and child custody case.
On May 22, 1989 Cheryl Murphree (wife) filed a complaint in the Circuit Court of Jefferson County, seeking a divorce from Donald Murphree (husband) and custody of the parties' two minor children. On June 7, 1989 the wife filed a motion for alimony and child support pendente lite. The husband filed an answer on July 21, 1989, also seeking a divorce and custody of the children.
On August 8, 1989 the trial court granted a reference to the trial court's standing master for consideration of the wife's request for support and maintenance pendente lite. After a reference proceeding was held, the standing master filed a report setting out the parties' debts and expenses. The report recommended that the husband continue to pay the living expenses of the wife and children, as well as certain debts incurred by the wife. The report of the master was confirmed, without exception, by order of the trial court entered on October 4, 1989. On December 19, 1989 the wife filed a petition for rule nisi based upon the failure of the defendant to pay her debts and support as ordered by the trial court.
An ore tenus proceeding was held on January 30, 1990. On April 9, 1990 the trial court entered a final order granting the divorce and awarding custody of the children to the husband. The wife was granted visitation rights and ordered to pay $250 per month child support. Her request for attorney's fees was denied, and the petition for rule nisi was also denied. On May 8, 1990 the wife filed a motion for rehearing. The trial court granted the motion, but did so merely to correct a clerical error. The wife appeals.
The first issue on appeal is whether the trial court erred in awarding custody of the two minor children to the father.
The controlling consideration in child custody matters is always the best interests of the child. Shepherd v. Shepherd,531 So.2d 668 (Ala.Civ.App. 1988). To that end, the trial court is given wide discretion in awarding custody and establishing visitation, and its determination of these matters will not be disturbed absent a showing of a clear abuse of discretion. Santmier v. Santmier, 494 So.2d 95
(Ala.Civ.App. 1986).
At trial, the mother testified that she had engaged in several adulterous affairs. The mother now contends that the trial court's denial of custody was based on her indiscretions, rather than on the best interests of the children.
A parent will not be denied custody for every act of indiscretion; however, the adulterous conduct of a parent can be a factor in the trial court's determination as to which parent is awarded custody. Lipsey v. Lipsey, 450 So.2d 1095
(Ala.Civ.App. 1984). Before custody may be denied on the basis of indiscreet behavior, there must be evidence showing that such misconduct is detrimental to the child. Jones v. Haraway,537 So.2d 946 (Ala.Civ.App. 1988).
Here, the evidence shows that the wife had three separate adulterous affairs before the divorce, one of which began when the parties were separated. The wife testified that during the separation her paramour sometimes stayed overnight when the children were visiting. The minor son's teacher testified that, about this time, the child began to act extremely withdrawn and sullen.
There is some indication in the record that the father was also involved in a sexual indiscretion during the marriage; however, this point was greatly disputed at trial. When the trial court resolves conflicts in testimony, its judgment will not be set aside and replaced with the judgment of the appellate court. Cooper v. Cooper, 473 So.2d 1083
(Ala.Civ.App. 1985). The record shows that the father was involved with the care of the children during the marriage and would be adequately equipped as the custodial parent to meet their various needs. Based on these facts and other facts in the record, we cannot find that the trial court erred in awarding custody of the children to the father. *Page 637 
The second issue raised on appeal is whether the trial court erred in ordering the wife to pay $250 per month in child support.
The amount of child support granted in a divorce case depends upon the needs of the child and the ability of the parent to pay. Sharretts v. Sharretts, 408 So.2d 125
(Ala.Civ.App. 1981). When both husband and wife have income, the custodial parent's income may also be taken into account.Taylor v. Taylor, 408 So.2d 117 (Ala.Civ.App.), writ denied,408 So.2d 120 (Ala. 1982).
The record shows that the wife is a secretary whosegross income averages $1,386.67 per month. The wife's fixed expenses for rent, utilities, and car payment alone total almost $1,000 monthly. This leaves less than $400 from which the wife must pay all federal, state, and local taxes, along with the expenses of food, gasoline, and other necessities. It is thus clear that, even without the addition of $250 per month child support, the wife's salary is hardly sufficient to provide her with the essentials of life. In contrast, the record shows that the husband is employed as an electrician and earns a gross income in excess of $38,000 per year.
It would not serve the best interests of the children to order payment of child support in an amount which the evidence clearly indicates is beyond the ability of the parent to pay.Travis v. Travis, 345 So.2d 321 (Ala.Civ.App. 1977). The facts clearly show that the wife will be unable to pay both her living expenses and the ordered amount of child support; thus, the ordered amount of child support is beyond her ability to pay and the trial court's order is erroneous. This aspect of the trial court's decree is remanded for further proceedings.
The third issue on appeal is whether the trial court erred in denying the wife's request for attorney's fees.
The award of attorney's fees in a divorce action is a matter within the sound discretion of the trial court, which should consider such factors as the conduct of the parties, the financial circumstances of the parties, and the outcome of the litigation. Goree v. Dark, 550 So.2d 436 (Ala.Civ.App. 1989);Gilliland v. Gilliland, 422 So.2d 299 (Ala.Civ.App. 1982). We are aware of the evidence relating to the wife's misconduct and the probable effect her behavior had on the outcome of the litigation. However, we are also aware of the evidence relating to the wife's meager finances, and we do not believe that the wife has any greater ability to pay attorney fees than to pay child support. See Pettis v. Pettis, 334 So.2d 913
(Ala.Civ.App. 1976). Consequently, this aspect of the decree is reversed and it is remanded for consideration of the award of attorney fees in light of the evidence concerning the wife's limited finances.
The final issue raised in the wife's appeal is whether the trial court erred in denying her petition for rule nisi.
Pursuant to the wife's petition for alimony pendente lite, the trial court ordered the husband to pay all "automotive, household and living expenses" of the wife. The record shows that the husband made these payments sporadically, then ceased the payments altogether after the divorce action was fully commenced.
Because alimony pendente lite is purely interlocutory in nature, a final decree of divorce has the effect of rendering unenforceable the right to accrued installments of such alimony, unless the right to such installments is saved by the final decree. Maddox v. Maddox, 276 Ala. 197, 160 So.2d 481
(1964). Here, the final decree did not preserve the wife's right to collect past-due payments of alimony pendente lite; thus, there was no error in the trial court's denial of her petition for rule nisi.
The wife's request for an attorney's fee on appeal is granted in the amount of $500.00.
The foregoing opinion was prepared by Retired Appellate Judge ROBERT P. BRADLEY while serving on active duty status a judge of this court under the provisions of § 12-18-10(e), Code 1975, and *Page 638 
this opinion is hereby adopted as that of the court.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
All the Judges concur.