This is a divorce case.
Pending a final determination in the parties' divorce action, the trial court ordered the husband to pay pendente lite support totalling $1,341.66 per month, composed of $787.00 per month in child support and $554.66 per month in house payments. The *Page 377 
wife maintained custody of the parties' two minor children and continued to reside in the marital home.
Following an ore tenus proceeding, the trial court entered a final decree divorcing the parties on December 11, 1990. Primary custody of the children was vested in the wife, with visitation rights granted to the husband. The husband was ordered to pay $558 per month in child support, to be increased when he returned to full salary at the conclusion of his sabbatical leave from a university professorship. Control of the children's education fund, which was established by the wife's father, was placed with the wife.
The trial court also ordered that the parties share equally in the cost of appraisal of the marital home, which was owned by the parties in joint tenancy with the right of survivorship. One-half of the appraised total equity in the house was to be the value of the husband's interest therein, which would be paid to him, with accrued interest, upon emancipation of the parties' younger child, who was nine at the time of trial. The decree did not specify who was to have possession of the home, nor did it state which party was required to pay the mortgage indebtedness, taxes, and insurance on the home. The trial court did, however, order that the joint tenancy would survive the making of the decree. As for the other marital assets, the wife was given title to one of the parties' automobiles; the husband was awarded the second automobile, with an additional $10,000 from the parties' liquid assets as compensation for the difference in the value of the two cars. The wife was also given an IRA held in her name and worth approximately $8,000, as well as her teacher's retirement account valued at $230. The husband was given an IRA held in his name and worth approximately $19,000. Additionally, the husband was awarded two Teacher's Insurance Annuity Association accounts held in his name and with a total value of $36,000. All other property, including a jointly owned money market account worth approximately $23,000, stock certificates worth approximately $22,000, and household goods worth approximately $15,000, was divided equally. No alimony was awarded. The wife appeals from the final divorce decree. We reverse and remand.
The wife raises several issues on appeal. She first contends that the trial court abused its discretion in its division of property and in its failure to award her alimony. She next contends that the trial court erroneously failed to grant her unpaid and past due pendente lite support. She also contends that the trial court abused its discretion in denying her attorney's fees. Finally, she contends that the trial court abused its discretion in its rendition of the husband's visitation rights.
This court recognizes that there is a presumption of correctness afforded a trial court's judgment when it is based on evidence presented ore tenus. Blankenship v. Blankenship,534 So.2d 320 (Ala.Civ.App. 1988). Likewise, we have often stated that awards of alimony and the division of property in divorce cases are matters within the sound discretion of the trial court. Tate v. Tate, 477 So.2d 426 (Ala.Civ.App. 1985). However, it is also recognized that the exercise of such discretion must be based upon equitable principles and is thus subject to review on appeal if the result is arbitrary and unjust. Dees v. Dees, 390 So.2d 1060 (Ala.Civ.App. 1980).
As to the wife's first contention, it is well settled that a trial court has no rigid standards on which to base the determination of alimony and the division of property, but is free to consider the facts and circumstances unique to each individual case in fashioning an award. Some of the factors to be considered are the future prospects of the parties, their ages, health, station in life, length of the marriage, and, in appropriate situations, the conduct of the parties with reference to the cause of the divorce. Lutz v. Lutz,485 So.2d 1174 (Ala.Civ.App. 1986).
The evidence shows that the parties were married for 20 years prior to the divorce. At the time of trial the wife was 43 years old, and the husband was 44. When the parties married in 1970, the wife had a bachelor of arts degree in English and the *Page 378 
husband had a bachelor of science degree in mathematics. Following the marriage, the husband pursued graduate work in mathematics, ultimately earning a master's degree and a Ph.D. in his field. The wife testified that she typed the husband's doctoral dissertation for him, as well as approximately 300 letters of applications to various universities to assist him in obtaining employment when he completed his schooling. For the first 10 years of the marriage the wife worked at jobs in locations convenient to the husband's further education. Her work history during this period included positions as a secretary-receptionist and a radio operator at a small airport and as a secretary at a university hospital. After the parties adopted two infant children approximately 10 years into the marriage, the wife no longer worked outside the home, but instead remained at home to care for the children and to maintain the household. The parties moved from New Mexico to Alabama in 1981, where the husband had secured a professorial post at the University of Alabama in Huntsville. They bought the present marital home, located in Huntsville, in 1983. Neither of the parties had any appreciable assets at the time that they married. Therefore, almost all of what they had accumulated by the time of the divorce was accumulated during the marriage.
The record indicates that in December 1989 the husband, on his own volition and against the wishes of the wife, removed himself and his belongings from the marital home and into an apartment in Huntsville. The husband did not return to live in the marital home, and in January 1990 the wife filed for divorce.
We must note here that while the trial court made no specific finding of fault in the divorce decree, we find that the record contains considerable evidence of questionable conduct by the husband, strongly suggesting that he left the marriage as a result of a relationship with another woman. The fact of adultery may be inferred from circumstances leading to it as a necessary inference. White v. White, 278 Ala. 682,180 So.2d 277 (1965). We are of the opinion that a detailed recital of the evidence of adultery would serve no useful purpose here. Suffice it to say that the parties are divorced through no apparent fault on the part of the wife.
The record shows that by the time of trial, the wife had begun to work again and was earning a salary of approximately $400 per week with the Huntsville City Schools. On the other hand, the husband's normal salary is over $1,000 per week. Because of a recent one-month sabbatical leave, the husband's current salary is slightly reduced. However, he returns to full salary at the conclusion of his sabbatical. By any stretch of the imagination, neither the current financial circumstances nor the foreseeable future financial prospects of the wife come close to comparing with those of the husband. The husband has three college degrees, has experienced a steady rise in his annual income, and enjoys a secure position on a university faculty. The wife was out of the job market for 10 years before the husband moved out of the home, and she has just recently returned to work. It is unlikely that she enjoys job security like that of the husband.
In its order the trial court specifically stated that the parties' ownership of the marital home as joint tenants with right of survivorship would survive the making of the divorce decree. Although the decree did not specify who was to have possession of the home, the wife maintained possession and has lived there with the children since the husband moved out. The decree is also silent as to who must make the monthly mortgage payments of $832.82 on the house. However, the wife averred that she is the party making these payments, and since she now resides in the home with the two children, she is the party with the most to lose if the payments are not made. Thus, as the wife continues to pay the mortgage while title to the home is held in joint tenancy with the right of survivorship, she is in effect protecting the husband's survivorship interest with her own money for the next 10 years (until the younger child turns 19). What is more, if the wife should die, the husband will own her interest as well. *Page 379 
Not only is the wife forced to protect the husband's interest in the home, but she is also constrained by circumstances from selling her own interest or refinancing toward lower monthly payments, because the home is owned jointly and the husband's signature is necessary to effect these transactions.
Neither is the wife well situated to buy out the husband's interest in the home (if he shows an inclination to sell) by paying him his equity, estimated by the parties as between $17,000 and $22,000. As the wife points out in her brief, the value of the liquid assets awarded to the husband is over twice the value of the assets awarded to her. With regard to the wife's entitlement to these marital assets, the husband himself stated at trial that "half is fair." Perhaps the largest of the parties' assets, two Teacher's Insurance Annuity Association accounts with a total value of $36,000, were awarded to the husband. Although these accounts were in the husband's name and funded with deductions from his salary as a professor, the amounts paid into the accounts were voluntary withdrawals from income into the marriage and were not mandatorily extracted by the husband's employer.
The inequity of the property division is only exacerbated by the fact that the trial court made no award of alimony of any kind to the wife — this despite the self-evident difference in the present earning prospects of the parties, and despite the relative conduct of the parties with regard to the breakup of the marriage. Thus, the wife, who by the terms of the decree has no more of an interest in the marital home than does the husband, has not been awarded any money to defray part of her monthly mortgage payments. An award of alimony would at least partially remedy the inequity of requiring the wife alone to protect the husband's survivorship interest. The failure to exercise judicial discretion to award alimony is arbitrary and capricious when the needs of the wife and the ability of the husband to pay are shown. Horsley v. Horsley, 50 Ala. App. 445,280 So.2d 150 (Ala.Civ.App. 1973).
It appears to this court that in making the provisions regarding the marital home, the trial court was seeking a way to avoid further disruption of the minor children's lives by ensuring that they might continue to live with their mother in the same house. However, it is also apparent to this court that the wife has been left in an unsuitable condition as a result of the trial court's order. We have already noted the inequity of forcing the wife to protect the husband's survivorship interest for the next 10 years. Additionally, because the trial court's order provides that the wife will pay the husband, when the younger child is emancipated, 1/2 of the currently appraised equity in the house with interest accrued at a rate of 6% per annum, the wife stands to suffer from any downturn in the housing market over the next 10 years. The husband, with his equity fixed in 1990 and interest accruing during this time, could experience a windfall.
We would also point out here that the terms of the divorce decree do not clearly indicate the ownership status of the home once the parties' younger child is, in fact, emancipated. The decree provides that 1/2 of the currently appraised equity in the house will be paid to the husband when the child is emancipated. However, the decree also clearly states that "[o]wnership of said property as joint tenants with the right of survivorship shall survive the making of this Decree." There is no provision in the decree for a severance of the joint tenancy upon the child's emancipation. That is, the terms of the trial court's order do not clearly indicate that the joint tenancy is not to survive beyond this event. At best, it can only be inferred that the tenancy is to be severed at that time. However, to infer that the joint tenancy will be severed upon the occurrence of such an event would be to convey the property by implication. It is well settled that real property cannot be conveyed by implication. Radiola v. Radiola,380 So.2d 817 (Ala. 1980). We note here that it is within the power of a trial court, with the parties to a divorce before it, explicitly to terminate a joint tenancy in property and thereby create a *Page 380 
tenancy in common without a right of survivorship. See Watfordv. Hale, 410 So.2d 885 (Ala. 1982).
Awards of alimony and divisions of marital property must be equitable under the circumstances of each case. Prestwood v.Prestwood, 523 So.2d 1071 (Ala.Civ.App. 1988); Echols v.Echols, 459 So.2d 910 (Ala.Civ.App. 1984). We find that in view of the prospects of the parties, their station in life, the length of the marriage, and the conduct of the parties with reference to the cause of the divorce, there is present in the trial court's order such inequity as to constitute an abuse of discretion. Therefore, we remand this aspect of the trial court's order with instructions to the trial court to enter an order consistent with this finding.
The wife next contends that the trial court erroneously failed to grant her unpaid and past due pendente lite support. In May 1990 the trial court ordered the husband to pay pendente lite support totalling $1,341.66 per month, composed of $787 per month in child support and $554.66 (% of $832.82) per month in mortgage payments. At trial there was uncontroverted testimony that the husband had not made all of these payments. The wife testified that the arrearage was approximately $1,900. We can find no evidence to support the husband's argument that the trial court's order of December 11, 1990, encompassed all that he was required to pay. In fact, the child support due from the husband under both the pendente lite order and the final order is determined according to the Child Support Guidelines. See Rule 32, A.R.Jud.Adm. Because the court-ordered support in the final order is no greater than what is normally required by the guidelines, it is readily apparent that the payments ordered in the final decree do not encompass payments due under the pendente lite order. It is well settled that past-due installments for such support create a final money judgment. Ex parte Morgan, 440 So.2d 1069 (Ala. 1983). Accordingly, we remand this matter to the trial court so that it may calculate the arrearage and enter a monetary judgment for the amount due the wife.
The wife also contends that the trial court abused its discretion in denying her attorney's fees. The record reflects that the parties stipulated that a reasonable rate for the services performed by counsel for the wife was $100 per hour. It is well settled that the allowance of attorney's fees is within the sound discretion of the trial court. Hansen v.Hansen, 401 So.2d 105 (Ala.Civ.App. 1981). It is equally well settled that the conduct of the parties, the financial circumstances of the parties, and the earning capacities of the parties should be considered in determining the propriety of awarding attorney's fees. Goree v. Dark, 550 So.2d 436
(Ala.Civ.App. 1989). Considering the circumstances and the factors and our findings, we hold that the trial court abused its discretion in failing to assess attorney's fees against the husband. We reverse this aspect of the trial court's order and remand with instructions for the assessment of a reasonable attorney's fee against the husband.
Finally, the wife contends that the trial court's rendition of the husband's visitation rights in its final order is punitive, vague, and indefinite as to her rights. We find, to the contrary, that the court did not abuse its discretion when granting the husband's visitation rights. The trial court's judgment is affirmed as to this final matter.
This case is affirmed in part, reversed in part, and remanded with instructions to the trial court to enter an order consistent with this opinion.
The wife's request for an attorney's fee on appeal is granted in the amount of $400.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and THIGPEN, J., concur. *Page 381