YATES, Judge.
Following an ore tenus proceeding in June 1992, the trial court entered an order divorcing the parties, dividing their marital assets, and providing for the payment of certain debts and other expenses. Specifically, the trial court ordered Floyd Edward Cary (husband) to pay $750 per month as periodic alimony to Jean Gilbert Cary (wife) and to pay $2,500 toward the attorney’s fee of the wife. The division of property involved somewhat substantial assets with the wife receiving, among other things, a one-half interest in the marital residence, an automobile, a $5,000 certificate of deposit, and three rental homes. The husband received, among other things, a one-half interest in the marital residence, an automobile, a boat, and full interest in his business and its assets. The husband appealed.
First, the husband argues that the trial court erred as to the following provision of *344 its order: “THAT as periodic alimony, the [husband] shall hold the [wife] harmless from any and all debts of the marriage, including tax liens.” The husband contends that this statement constitutes a division of property and is not a matter of alimony. In his brief, however, the husband fails to cite any authority to support his contentions or position and, therefore, is in violation of Rule 28(a)(5), Alabama Rules of Appellate Procedure. Consequently, we will not address this issue. Porter v. Porter, 477 So.2d 433 (Ala.Civ.App.1985).
Second, the husband argues that the trial court erred in awarding the wife $750 per month in periodic alimony. Primarily, the husband contends that the financial positions of the parties, along with their health and future prospects, show that he does not have the ability to pay such an amount. In fact, the husband states that it would have been more appropriate for the trial court to have ordered the wife to pay alimony to him.
In reviewing a trial court’s judgment in a divorce case presented ore tenus, the judgment is presumed to be correct until it is shown to be plainly and palpably wrong or unjust. Ex parte Jackson, 567 So.2d 867 (Ala.1990).
“The trial court is given broad discretion in a divorce case and its decision will not be overturned unless it is unsupported by the evidence or is otherwise palpably wrong_ Issues involving alimony ... are within the sound discretion of the trial judge in a divorce action. The judge’s ruling on these matters will not be disturbed unless it is a plain and palpable abuse of discretion.”
Id. at 868. (Citation omitted.)
In determining whether to award alimony, the trial court should consider the duration of the marriage, the type and value of property owned by the parties, the age of the parties, and their health, future prospects, earning capacity, station in life, and conduct. Vaughn v. Vaughn, 586 So.2d 218 (Ala.Civ.App.1991).
The record revealed that the parties were married in December 1952 and that three children were born to them during their marriage. The wife’s complaint for divorce stated that all of the children were past the age of majority. According to the wife, she and the husband started a trucking business in Tennessee Approximately 18 to 20 years prior to the time of trial and the wife worked in that business as a vice president and personnel officer. The wife also stated that she was primarily responsible for raising the parties’ children and operating the household.
The parties later moved to Mobile and the husband became involved in a company called Southeast Trucking. The wife testified that, due to financial difficulties, she became re-certified as a school teacher and began teaching again at age 55. She also stated that, during summers and after school, she performed odd jobs such as answering the phone for the husband’s company. Concerning her teaching career, the evidence disclosed that the wife was tenured and, as a participant in the teacher’s retirement system, she would be vested in 1998. At the time of trial, the wife was earning in excess of $18,000 per year.
The wife’s complaint for divorce alleged adultery on the part of the husband, and she indicated at trial that she believed him to have had an affair with a woman from whom the husband ultimately rented boarding space and with whom he was living. Other witnesses also testified as to this possible adulterous affair. First, one of the parties’ daughters testified that, in October 1991, she saw the husband at the Flora-Bama Club in Baldwin County with this particular woman. According to the daughter, she observed them drinking, “handling each other,” and kissing. The daughter’s boyfriend, who was with the daughter at the club, also testified to seeing the two together that night.
George Knapp, who once worked as a mechanic for the husband in his trucking business, testified that he and the husband sometimes discussed an extra-marital affair the husband was having. According to Knapp, the husband, in August 1991, admitted to having sexual relations with someone other than the wife, and also admitted that he was no longer having sex with the wife. Knapp also testified that, again in August 1991, he helped the husband move clothing and per *345 sonal items from the parties’ marital residence to the woman’s home, where the husband was living at the time of trial. Knapp stated that he left the husband’s employment because his payroll check “bounced” for two consecutive weeks.
The husband testified that, at the time of trial, he was 60 years old and had been having problems with high blood pressure since 1986. He also testified that certain of his medication for high blood pressure caused him to be impotent and to have no interest in sexual relations. The husband strenuously denied that he had been having an affair with anyone, and he disputed the testimony of his daughter as to his actions at the Flora-Bama Club in October 1991. Instead, the husband testified that he went to the club with a group of people and that the particular woman referred to was there, but he denied going with her and he denied being drunk and “handling” her. The husband stated that his marriage had been deteriorating for the past 10 to 12 years and that he and the wife were simply “going through the motions.” The husband counterclaimed for a divorce based on the grounds of incompatibility.
According to the husband, he and the wife separated in August 1991 and, at the time of trial, he was renting a room in the home of the woman with whom he was accused of having an affair. The husband stated that others rented rooms there, also. Concerning the testimony of George Knapp, the husband denied ever discussing his personal life with him, and the husband testified that Knapp did not quit his job at Southeast Trucking, but that he fired Knapp for being lazy.
At trial, the husband testified that his only income was a $150 per week expense check issued by Southeast Trucking, and he stated that the company was struggling just to make ends meet and to pay bills. The husband expressed a desire to retire at age 62 and testified that his only retirement income will be approximately $650 per month in Social Security benefits. In September 1991, the husband filed for personal bankruptcy protection.
The record on appeal contained numerous financial statements of Southeast Trucking and numerous checks written to the wife by the husband on Southeast Trucking’s account. Many of these checks were written after the parties separated and ranged from $140 to $3,000. Also included were notices of judgments and tax liens against the husband individually. All of these documents were before the trial court for consideration in its award of alimony.
Evaluating oral testimony is within the power of the trial court as the trier of fact, and it is the trial court which has the responsibility to decide such testimony’s credibility and correctness. Etheridge v. Yeager, 465 So.2d 378 (Ala.1985). In applying the attendant legal presumptions and principles to the record evidence in this case, we cannot say that the trial court erred in ordering the husband to pay $750 per month in periodic alimony.
Finally, the husband argues that the trial court erred by ordering him to pay the wife’s attorney’s fee. The law is well-settled that the award of an attorney’s fee in a divorce case is within the sound discretion of the trial court. Slater v. Slater, 587 So.2d 376 (Ala.Civ.App.1991). The factors used by the trial court in determining such an award are the conduct of the parties, their financial circumstances, and their earning capacities. Id.
Based on the foregoing facts, we cannot say that the trial court’s award as to attorney’s fees was an abuse of discretion. In his brief, the husband implies, however, that the award in this case might be the result of a tendency by trial courts to favor granting attorney’s fees to wives as opposed to husbands. The husband cites Orr v. Orr, 440 U.S. 268, 99 S.Ct. 1102, 59 L.Ed.2d 306 (1979), and argues that “alimony statutes making awards to only one spouse [are] unconstitutional as denying equal protection of the laws.”
We note that Ala.Code 1975, § 30-2-51, the statute governing allowances such as attorney’s fees following divorce, states that “either spouse” may be granted such an allowance from the “estate of the other spouse.” Accordingly, there exists no gen *346 der-based favoritism which would result in an equal protection violation.
Based on the foregoing, the judgment of the trial court is due to be affirmed. We note that, in reaching its decision, the trial court had much evidence before it concerning the length of the parties’ marriage, the personal and business property involved, the parties’ ages and conduct, and the fact that the wife worked both inside and outside the home during the marriage. For us to reverse would be to substitute our judgment for the judgment of the trial court; which, of course, we are not permitted to do. Gregson v. Gregson, 456 So.2d 828 (Ala.Civ.App.1984). The wife’s request for an attorney’s fee on appeal is denied.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.