673 So.2d 772 (1995)
Nedra GRICE
v.
David L. GRICE.
2940549.
Court of Civil Appeals of Alabama.
December 22, 1995.
*773 J.R. Herring, Dothan, for Appellant.
Anne Laura R. Parker, Ozark, for Appellee.
SAM A. BEATTY, Retired Justice.
Nedra Grice appeals from a judgment of divorce in which the trial court awarded her neither periodic alimony nor an attorney fee. We reverse as to those aspects of the divorce judgment.
Nedra Grice and David L. Grice were married in 1970. The wife had a two-year-old son when the parties married, and they had a daughter within the first year of their marriage. Both children are now adults. In July 1994, the husband informed the wife that he wanted a divorce. The wife testified that she did not want the divorce, but that the husband was not willing to attend marriage counseling or to attempt a reconciliation.
The husband has a master's degree and is an educator. At the time of trial, he was employed by an Alabama high school as an assistant principal, at an annual salary of approximately $39,000. The wife attended college for two years, but discontinued her education after the birth of the parties' daughter. She has worked at various clerical jobs throughout the parties' marriage, and at the time of trial she was working in a clerical job and was earning approximately $15,600 per year. The husband testified that in his opinion the wife was underemployed and that he thought she could supplement her income by sewing, playing the piano, working with computers, or selling insurance. He stated that although she had utilized those skills during their marriage only occasionally to supplement her income, he thought she was capable of making more money if she wanted to do so. The wife testified that the most money she had ever made in a year from sewing was $500, and that even though she played the piano for her church she had never been paid to do so. She further testified that she had an insurance broker's license, but that she was qualified to sell only health insurance and had not been successful in her attempts to work in the insurance industry. She stated that she did not think she could make any money selling insurance at this time because she would need additional education and training to become qualified to sell other types of insurance in order to realize a profit.
The trial court entered a judgment of divorce on November 3, 1994. The trial court ordered the parties to sell the marital residence and awarded one-half of the sales proceeds to each party. The judgment provided for the husband to pay alimony of $350 per month to the wife until the sale of the marital residence, and for the husband to pay $15,000 as alimony in gross to the wife after the sale of the marital residence, in installments of $417 per month for three years.[1] The trial court ordered the wife to make payments on the debt secured by a first mortgage and to pay for utilities, and ordered the husband to make payments on the debt secured by a *774 second mortgage, until the sale of the marital residence. The judgment further awarded to the wife 16 acres of unimproved real property adjacent to the marital residence; a timeshare interest in a condominium in Florida; the funds in the husband's retirement account with Exxon Oil Company (a former employer); her 1986 Lincoln Town Car; designated furniture, furnishings, and household goods; and her personal belongings. The judgment further awarded to the husband a house and lot in his name that had formerly belonged to his parents; a lot and camper on Lake Eufaula; the funds in his retirement account with the Alabama Teachers' Retirement Association; his 1995 Chevrolet pickup truck and 1979 Jaguar automobile; designated furniture, furnishings, and household goods; and his personal belongings. The judgment provided that the husband was to continue to provide health insurance for the wife until January 1, 1995, when she would become eligible for health insurance through her employer. Finally, the trial court ordered each party to pay his or her own attorney fees.
The wife then filed a motion requesting the trial court to alter or amend its final judgment or to grant a new trial. The wife argued that the property division was inequitable, that the periodic alimony award was inadequate, and that after the trial she had discovered a medical problem that was causing her left arm to atrophy and that could impair her ability to earn an income. At the hearing on the wife's motion, she testified that she had discovered a lump in her left arm and that she had sought a medical evaluation of it. The record reflects that after consultation with a neurologist, the wife was diagnosed with benign focal amyotrophy in the left upper extremity,[2] a condition that her doctor described as slowly progressive and for which no effective treatment is available. The wife stated that her arm had bothered her occasionally for a couple of years but that she had not noticed the lump until the day of the divorce trial, and she said that since that time she had begun to have more pain in her arm, tremors in her arm and hand, numbness in her fingers, and increased difficulty using her arm. She testified that her medical problem was beginning to affect her ability to use a computer, to play the piano, and to perform household tasks. She further testified that for two years the health insurance available to her through her employment would not cover medical expenses related to her arm because her condition would be considered a "preexisting" condition. After the hearing, the trial court amended its final judgment, but only to the extent of ordering the husband to continue to provide medical insurance for the wife until further information could be obtained regarding her medical condition.
The wife contends on appeal that the trial court abused its discretion in failing to award permanent periodic alimony and in failing to require the husband to pay her attorney fee.
In a divorce case in which the evidence is presented ore tenus, the trial court's findings are accorded a presumption of correctness and will not be overturned except for plain and palpable error. Chambliss v. Chambliss, 587 So.2d 406, 408 (Ala.Civ.App. 1991). The presumption of correctness is strengthened by the trial court's denial of a motion for new trial. Id. Moreover, awards of alimony and attorney fees are both matters within the trial court's discretion, and its judgment on these matters will not be reversed absent an abuse of that discretion. Id.
We first address the trial court's failure to award permanent periodic alimony to the wife. Because alimony awards are interwoven with the division of assets, the entire judgment must be considered in order to determine whether the trial court abused its discretion. Montgomery v. Montgomery, 519 So.2d 525, 526 (Ala.Civ.App.1987).
No fixed standards or mathematical formulae govern the determination of alimony or the division of property. Brand v. Brand, 444 So.2d 866, 867 (Ala.Civ.App. 1984). Instead, trial courts should consider many factors in making such awards, including the age and health of the parties; the *775 length of their marriage; their station in life and future prospects; their standard of living and each party's potential for maintaining that standard after the divorce; the value and type of property they own; and the source of their common property. Young v. Young, 515 So.2d 32, 33 (Ala.Civ.App.1987); Lutz v. Lutz, 485 So.2d 1174, 1176 (Ala.Civ. App.1986); Jones v. Jones, 454 So.2d 1006, 1008 (Ala.Civ.App.1984). The trial court should examine each party's earning capacity, including his or her training, education, experience, employment history, and earning record. Jones, 454 So.2d at 1008. In appropriate cases, the trial court should also evaluate the conduct of the parties with reference to the divorce. Lutz, 485 So.2d at 1176; Reynolds v. Reynolds, 376 So.2d 732, 734 (Ala.Civ.App.1979).
The parties are in their late forties and were married for almost 25 years before the husband unilaterally insisted upon a divorce. They have two children, both of whom are now adults. The husband has a postgraduate degree and had been promoted to his assistant principal's position shortly before the trial. The wife attended college, but did not graduate. Although she worked throughout the parties' marriage, she concentrated her efforts on her family rather than on her career. Her present salary is less than half of the husband's present salary. The wife has developed a medical condition that affects the use of her left arm and that may affect not only her ability to perform her full-time job, but also her ability to enhance her income by sewing and playing the piano. The complete ramifications of the wife's difficulty with her arm are not known at this time.
The trial court awarded periodic alimony to the wife until the parties' house is sold, after which the husband is to pay the wife $15,000 in lump sum alimony, in 36 installments. The trial court did not, however, retain jurisdiction to award periodic alimony to the wife in the future. The trial court awarded the wife certain land and a time-share interest in a condominium, as well as half the proceeds from the sale of the marital residence. Under these circumstances, we cannot say that the trial court's division of property was inequitable.
We do conclude, however, that the trial court's failure to reserve the right to make a future award of periodic alimony was palpably wrong. See Grimsley v. Grimsley, 545 So.2d 75 (Ala.Civ.App.1989). The trial court's failure to provide for the wife's support, other than the lump sum alimony installment payments, fails to consider adequately such factors as the potential earning capacities of the parties, the duration of their marriage, and the standard of living to which they became accustomed during the marriage. Id. at 77. These factors gain added support in favor of the wife when proper consideration is given to her role as homemaker and her contributions of financial support to the family. The effect of such an inadequate alimony provision runs counter to the generally accepted purpose of alimony, which is to preserve the economic status of the parties as it existed during the marriage. See Carnaggio v. Carnaggio, 475 So.2d 861 (Ala.Civ.App.1985). The inadequacy of the alimony award is further highlighted by the wife's potential inability to adequately support herself in the future. See Chambliss, 587 So.2d at 408. Even though the wife is physically able to support herself at this time, it is possible that the medical condition affecting her arm could become worse and could leave her unable to work. She may need additional financial assistance from the husband in that circumstance, and if so, he will likely be able to provide it.
If a trial court either does not award periodic alimony in the divorce judgment or does not reserve the right to do so upon future consideration, its power to award alimony is permanently lost. Chambliss, 587 So.2d at 408; Grimsley, 545 So.2d at 77. In light of the disparity in the parties' incomes and earning potentials after a 24-year marriage, as well as the possibility of the wife's eventual ill health and disability, we conclude that the trial court abused its discretion in failing to reserve the right to award periodic alimony to the wife in the future. Therefore, we reverse this aspect of the divorce judgment. On remand, we direct the trial court to amend the divorce judgment so as to *776 reserve the right to award periodic alimony to the wife.
We now address the trial court's failure to require the husband to pay the fees of the wife's attorney. It is well settled that the award of attorney fees in a divorce action is a matter within the sound discretion of the trial court. Slater v. Slater, 587 So.2d 376, 380 (Ala.Civ.App.1991). Nevertheless, it is equally well settled that in determining whether to award an attorney fee, the trial court should consider the conduct of the parties, the financial circumstances of the parties, and the outcome of the litigation. Id. See also Murphree v. Murphree, 579 So.2d 634, 637 (Ala.Civ.App.1991). The facts in Slater, wherein this court held that the trial court abused its discretion in failing to award an attorney fee, are similar to the facts in this case. In Slater, the parties had been married for 20 years, the parties' financial circumstances were significantly disparate, and the husband had left the marriage on his own volition and against the wishes of the wife. 587 So.2d at 378. After considering the assets awarded to these parties, comparing the wife's income at this time to that of the husband, and considering that the husband sought this divorce for reasons not based upon any apparent fault of the wife, we hold that the trial court abused its discretion in failing to assess attorney fees against the husband. Therefore, we reverse this aspect of the divorce judgment. On remand, we direct the trial court to determine, and award, a reasonable attorney fee to be paid to the wife's attorney by the husband.
In all other respects, the judgment of divorce is hereby affirmed.
The wife's request for an attorney fee on appeal is granted in the amount of $1,000.
The foregoing opinion was prepared by SAM A. BEATTY, Retired Justice, Supreme Court of Alabama, while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH DIRECTIONS.
THIGPEN, YATES, and CRAWLEY, JJ., concur.
ROBERTSON, P.J., and MONROE, J., concur specially in the result.
ROBERTSON, Presiding Judge, concurring specially in the result.
I am compelled to write specially to point out that this court stated in Carnaggio v. Carnaggio, 475 So.2d 861 (Ala.Civ.App.1985) that: "As far as practical, the purpose of alimony is to preserve the economic status quo of the parties as it existed during the marriage." Id. at 863 (emphasis added). It is seldom, if ever, practical for either party to a divorce to maintain such status quo.
The statement in the majority opinion regarding the generally accepted purpose of alimony is an incomplete statement of the law from Carnaggio and is contrary to the stated purpose for periodic alimony in cases decided by this court since Carnaggio. The general purpose of periodic alimony is to provide support to the dependent former spouse until she becomes self-supporting. Harris v. Harris, 543 So.2d 1203 (Ala.Civ. App.1989); Allen v. Allen, 477 So.2d 457 (Ala.Civ.App.1985).
I agree that the trial court should have reserved the right to award periodic alimony to the wife in the future should the wife's physical condition worsen and she becomes dependent. This court has recognized since Carnaggio was decided that the sole purpose of periodic alimony is the support of the dependent former spouse. Newton v. Newton, 655 So.2d 1033 (Ala.Civ.App.1995); Trammell v. Trammell, 589 So.2d 743 (Ala. Civ.App.1991); Waltman v. Waltman, 528 So.2d 867 (Ala.Civ.App.1988); Allen, supra.
MONROE, J., concurs.
NOTES
[1] Payment of alimony in gross at the rate of $417 per month for 36 months results in the actual payment of $15,012.
[2] "Focal amyotrophy" is defined as the wasting of the muscles of a localized area, in this case, the left arm. See Stedman's Medical Dictionary (25th ed. 1990).