688 So.2d 887 (1997)
Virginia L. HANNA
v.
Fred L. HANNA.
2950621.
Court of Civil Appeals of Alabama.
February 14, 1997.
*888 Floyd Minor and John Olszewski, Montgomery, for Appellant.
Parker C. Johnston of Enslen, Johnston & Pinkston, L.L.C., Wetumpka, for Appellee.
SAM A. BEATTY, Retired Justice.
Virginia L. Hanna appeals from a judgment of divorce. This case was assigned originally to another judge, and recently was reassigned. We affirm in part, reverse in part, and remand.
Virginia and Fred L. Hanna were married in 1963. They had no children. They separated in January 1995; shortly thereafter, the wife sought a divorce on the basis of the husband's adultery. The husband admitted having had an extramarital affair with another woman for approximately one year before the wife began divorce proceedings. Both parties acknowledged that they had had marital problems for some time, but it was undisputed that the event that directly caused the wife to sue for a divorce was the husband's extramarital affair.
The husband served in the United States Air Force for 20 years. During that time, the wife sometimes worked outside the home as an assistant to an oral surgeon, but she was not able to maintain a job on a consistent basis because of the frequent relocations required by the husband's military service. The parties moved to Montgomery in the early 1980's, and they remained in the Montgomery area after the husband retired *889 from the Air Force in 1987. Both attended college after the husband concluded his military service, the husband earning a degree in computer science and the wife completing a paralegal course. At the time of trial, the husband was employed by the Alabama Department of Public Health as a computer programmer at an annual gross salary of $31,408. In addition to his salary from the state, the husband receives military retirement pay of $1,138 per month. The wife has worked for approximately 11 years as a bookkeeper and a paralegal, first at a credit union and then at various law firms. At the time of trial, she was working as a paralegal for a Montgomery law firm and was earning an annual gross salary of $20,000. During their marriage, the parties accumulated numerous assets, including the marital residence in Millbrook; a home in Phoenix, Arizona, that is currently used as rental property; bank and credit union accounts; motor vehicles; securities; insurance policies; and various other items of personal property.
During the marriage, the wife was covered by Blue Cross/Blue Shield insurance available to the husband through his state employment. The wife now has medical insurance furnished by her employer, but she says that the Blue Cross/Blue Shield insurance provides better coverage. The wife is eligible for continued coverage by the husband's insurance, pursuant to the Consolidated Omnibus Budget Reconciliation Act, 29 U.S.C. §§ 1161-1169 (COBRA), for 18 months after the divorce, at a cost of approximately $260 per month. The wife also is concerned about whether her employer's insurance will cover a pre-existing condition. At the time of trial, she anticipated undergoing surgery in the near future for a cyst in her breast, and she said she had had a previous "positive biopsy" of a cyst.
The court held a hearing in August 1995, during which evidence was presented ore tenus; the court entered a judgment of divorce on February 21, 1996. The trial court ordered the parties to sell both the marital residence and the home in Phoenix and awarded to each party one-half of the sales proceeds from each home. The husband estimated the equity in the Millbrook home to be $30,635 and the equity in the Phoenix home to be $32,150. The court allowed the wife to live in the marital residence until it is sold, and she is responsible for the mortgage payments and other routine expenses related to the home until then. The court also granted to the wife a 90-day option during which she may choose to purchase the home. The parties are equally responsible for the mortgage payments and other expenses related to the Phoenix home until it is sold. The court awarded one-half of the husband's gross monthly military retirement pay, $569 per month, to the wife. The judgment did not address the subject of alimony. The court divided the following assets evenly between the parties: $29,184 in joint funds presently in the wife's possession, plus the dividends and interest earned thereon; a $5,000 initial deposit into a credit union savings account; the 1994 tax refund; 500 shares of Telephono De Mexico stock; United States Savings Bonds; a Lutheran Brotherhood Income Fund valued at $3,147; three $500 certificates of deposit and one $1,000 certificate, plus interest; cash surrender value of at least $4,797 from two life insurance policies. In addition, the court divided between the parties several vehicles and a lengthy list of personal property. The court further ordered the husband to maintain the wife on his Blue Cross/Blue Shield insurance for eight months and to maintain the wife as the sole beneficiary under his military Survivor Benefit Plan until she remarries. The judgment did not mention attorney fees.
The wife contends on appeal that the trial court abused its discretion in dividing the parties' assets and in failing to award permanent periodic alimony; in failing to require the husband to pay her attorney fee; in failing to designate that the wife's share of the husband's military retirement pay was a property settlement; in failing to state that the wife was entitled to military privileges available to the former spouse of a retired member of the armed services; and in limiting her COBRA eligibility.
In a divorce case in which the evidence is presented ore tenus, the trial court's findings are accorded a presumption of correctness *890 and will not be overturned except for plain and palpable error. Chambliss v. Chambliss, 587 So.2d 406 (Ala.Civ.App.1991). Moreover, property divisions and awards of alimony and attorney fees are all matters within the trial court's discretion, and its judgment on these matters will not be reversed absent an abuse of that discretion. Chambliss, 587 So.2d at 408; Moore v. Moore, 537 So.2d 961 (Ala.Civ. App.1988). We observe that the trial court in this case issued an extensive and well-reasoned judgment in which it divided real property interests and numerous items of personal property. In most respects, we will not disturb the trial court's conclusions. We find it necessary, however, to reverse as to certain aspects of the judgment.
We first address the wife's contention that the trial court erred in failing to designate that her share of the husband's military retirement pay was a property settlement or alimony in gross, not periodic alimony. She maintains that such a designation is necessary for two reasons. First, she argues, property settlements cannot be modified after 30 days from the entry of the divorce judgment, but periodic alimony remains modifiable. Second, she says, the income tax treatment is different for property settlements and for periodic alimony. Because there are different consequences attaching to each designation, we conclude that, on remand, the trial court should clarify its judgment to designate whether the award to the wife of one-half of the husband's military retirement pay was a property settlement or was periodic alimony.
We now turn to the trial court's division of the parties' assets and its failure to award permanent periodic alimony to the wife, assuming the military retirement benefits are not so designated. Because alimony awards are interwoven with the division of assets, the entire judgment must be considered in order to determine whether the trial court abused its discretion. Montgomery v. Montgomery, 519 So.2d 525 (Ala.Civ.App. 1987).
No fixed standards or mathematical formulae govern the determination of alimony or the division of property. Brand v. Brand, 444 So.2d 866 (Ala.Civ.App.1984). Instead, trial courts should consider many factors in making property or alimony awards, including the age and health of the parties; the length of their marriage; their station in life and future prospects; their standard of living and each party's potential for maintaining that standard after the divorce; the value and type of property they own; and the source of their common property. Young v. Young, 515 So.2d 32 (Ala.Civ. App.1987); Lutz v. Lutz, 485 So.2d 1174 (Ala. Civ.App.1986); Jones v. Jones, 454 So.2d 1006 (Ala.Civ.App.1984). The trial court should examine each party's earning capacity, including his or her training, education, experience, employment history, and earning record. Jones, 454 So.2d at 1008. In appropriate cases, the trial court should also evaluate the conduct of the parties with reference to the divorce. Lutz, 485 So.2d at 1176; Reynolds v. Reynolds, 376 So.2d 732 (Ala. Civ.App.1979).
The parties are in their early 50s and were married for approximately 33 years. The wife insists that the trial court's division of property was inequitable, given the husband's culpable conduct, the disparity in their incomes, and the difference between her future earning potential and that of the husband. She argues that she should have been awarded the marital residence outright and that she should have been awarded periodic alimony. The wife also points out the fact that the husband is now accumulating a retirement account with the state, while her employment provides no retirement benefits. Our review of the record indicates that the trial court divided the parties' assets equally between them, with each party due to receive in excess of $20,000 from bank and credit union funds, certificates of deposit, and other funds, in addition to funds available from the tax refund, stocks and bonds, and the cash surrender value of life insurance policies. Each party also is due to receive in excess of $30,000 in estimated sales proceeds from the two homes. The wife's approximate monthly gross income from her employment is $1,667; she also will receive $569 per month from the husband's military retirement, for a total monthly gross income of approximately *891 $2,236. The husband's approximate monthly gross income from his employment is $2,617; he will receive the remaining $569 per month from his military retirement, for a total monthly gross income of approximately $3,186. Both parties estimate their monthly expenses to be about $1,500.
The trial court in a divorce case has wide discretion in fashioning a property division and has the power to use any reasonable means to effect a just distribution. Grimsley v. Grimsley, 545 So.2d 75 (Ala.Civ.App.1989). This court has stated in numerous cases that the only requirement governing the trial court's discretion in this area is that the division of property must be equitable. Equal distribution is not mandated. Id. We know of no requirement that the trial court award specific items of property, e.g., the marital residence, to either party. Furthermore, even though this court might have reached a decision different from that reached by the trial court, this does not constitute a basis for reversing the judgment of the trial court, which heard the evidence and observed the witnesses. Id. Under the circumstances presented by this case, we certainly cannot say that the trial court's division of property was inequitable.
We do conclude, however, that the trial court's failure to reserve the right to make a future award of periodic alimony was palpably wrong. See Grimsley, 545 So.2d 75. The trial court's only provision for the wife's support was her share of the military retirement pay, an award we believe does not consider adequately such factors as the potential earning capacities of the parties, the duration of their marriage, and the standard of living to which they became accustomed during the marriage. Id. at 77. These factors gain added support in favor of the wife when proper consideration is given to her supporting role during the husband's military career and her contributions of financial support after his retirement from military service. The effect of such an inadequate alimony provision runs counter to the generally accepted purpose of alimony, which is to "support the former dependent spouse and to enable that spouse, to the extent possible, to maintain the status that the parties had enjoyed during the marriage, until the spouse is self-supporting or maintaining a status similar to the one enjoyed during the marriage." See O'Neal v. O'Neal, 678 So.2d 161, 165 (Ala.Civ.App.1996). Even though the wife is able to support herself at this time, at the time of the trial she was facing a biopsy of a cyst in her breast, and it is possible that her health could deteriorate and leave her unable to work. She may need additional financial assistance from the husband in the future, and if so, he will likely be able to provide it.
If a trial court either does not award periodic alimony in the divorce judgment or does not reserve the right to do so upon future consideration, its power to award alimony is permanently lost. Chambliss, 587 So.2d at 408; Grimsley, 545 So.2d at 77. In light of the disparity in the parties' incomes and earning potentials after a 33-year marriage, as well as the possibility that the cyst in the wife's breast could indicate serious health problems, we conclude that the trial court abused its discretion in failing to reserve the right to award periodic alimony to the wife in the future. Therefore, we reverse this aspect of the divorce judgment. On remand, we direct the trial court to amend the divorce judgment so as to reserve the right to award periodic alimony to the wife.
We now review the trial court's failure to require the husband to pay the wife's attorney fees. It is well settled that the award of attorney fees in a divorce action is a matter within the sound discretion of the trial court. Slater v. Slater, 587 So.2d 376 (Ala.Civ.App.1991). In determining whether to award an attorney fee, the trial court should consider the conduct of the parties, the financial circumstances of the parties, and the outcome of the litigation. Id. See also Murphree v. Murphree, 579 So.2d 634 (Ala.Civ.App.1991). After considering the assets awarded to these parties and their incomes at this time, and even considering the culpable conduct of the husband, we cannot say that the trial court abused its discretion in failing to assess an attorney fee against the husband.
*892 We next address the wife's contention that the judgment should have stated that she was entitled to military privileges available to the former spouse of a retired member of the armed services, such as the privilege of obtaining medical treatment at military facilities and shopping at the commissary and base exchange. The wife contends that there is authority to support an argument that in order for her to retain her military privileges, her entitlement to them must be stated in a court order. See 10 U.S.C. § 1408. The husband does not object to including language in the judgment to this effect. If the wife's continued eligibility for these military privileges depends on their being addressed in the divorce judgment, we see no reason that language specifying the wife's entitlement to them should not be added to the judgment on remand.
Finally, we address the wife's contention that the trial court limited her COBRA eligibility. The divorce judgment does not address the wife's eligibility for COBRA benefits, but merely orders the husband to pay for the continuation of the wife's coverage under his Blue Cross/Blue Shield policy for eight months. Nothing about that provision limits the wife's eligibility for that same coverage for another 10 months. She will, however, be responsible for paying for the final 10 months of coverage if she elects to retain the insurance pursuant to COBRA.
Aside from those matters as to which we have specifically reversed, the judgment of divorce is affirmed.
The wife's request for an attorney fee on appeal is granted in the amount of $1,000. The husband's request for an attorney fee on appeal is denied.
The foregoing opinion was prepared by SAM A. BEATTY, Retired Justice, Supreme Court of Alabama, while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH DIRECTIONS.
ROBERTSON, P.J., and YATES, MONROE, and THOMPSON, JJ., concur.
CRAWLEY, J., concurs in part and dissents in part.
CRAWLEY, Judge, concurring in part and dissenting in part.
I concur in the majority's decision to affirm those portions of the judgment dealing with the division of the parties' assets, with the failure to assess an attorney fee against the husband, with language specifying the wife's entitlement to military privileges, and with COBRA benefits. I must respectfully dissent, however, from the majority's decision to remand this cause to the trial court with instructions that the trial court clarify whether the award to the wife of one-half the husband's military retirement pay was a property settlement or was periodic alimony. I believe this court can, and should, decide that issue without a remand to the trial court.
The law is clear that in order for an award to constitute a property settlement, the amount and time of payment must be certain and the right to payment must be vested and not subject to modification. Segers v. Segers, 655 So.2d 1014, 1016 (Ala.Civ.App.1995). Here, the amount of the husband's retirement pay is not certain, and the award is, therefore, one of periodic alimony. See Barber v. Barber, 684 So.2d 150 (Ala.Civ.App. 1996). If the wife's portion of the military retirement pay is periodic alimony, then this court need not remand with instructions that the trial court reserve the issue of alimony. The trial court has already awarded alimony. That award is, of course, modifiable upon a showing of changed circumstances, such as a deterioration in the wife's physical condition or ability to work. See Griffin v. Griffin, 479 So.2d 1283 (Ala.Civ.App.1985).