This is a divorce case.
The parties were married on April 25, 1952, in the state of Mississippi and lived together as husband and wife until they separated approximately one and one-half years prior to the institution of these divorce proceedings in 1978.
The wife filed a complaint for divorce alleging incompatibility and an irretrievable breakdown of the marriage. The husband counterclaimed for divorce citing the same grounds. At trial, both the wife's complaint and husband's counterclaim were amended to allege adultery by the other party as an additional ground for divorce.
After an ore tenus hearing the trial court granted a divorce in favor of the wife on the grounds of adultery. The divorce decree awarded custody of the parties' minor child to the wife and required that the husband pay $100 per month in child support. The wife was awarded the home and ten acres of land surrounding the home, all household goods located in the home, a 1974 Oldsmobile automobile, a garden tractor and two lawn mowers. An additional seventeen (17) acres of real property owned by the parties, valued at $5,000 per acre, was ordered sold and the proceeds divided equally *Page 613 
between the parties. The husband was awarded all of his tools, automobile parts and several old vehicles owned by him.
The husband appeals.
The only issue presented by this appeal is whether the trial court abused its discretion in its division of property and award of child support. We find no abuse of discretion and affirm.
The parties had been married twenty-six years. They had each worked while rearing three children. Two children are of age and no longer dependent. The husband's parents had sold them thirty acres of land and a small house where they lived at the time of the separation, and where the wife now lives.
The fact of the husband's adultery is open, continuous and notorious. Both the husband and his paramour testified that they have had sexual relations continuously since the parties' separation in 1977.
The husband in January 1978, was in the apartment of his paramour when a fire occurred. To escape he jumped from a third floor window. The woman and her son jumped after him, landing upon him. As a result of the injuries sustained, the defendant was determined by the Social Security Administration and the Veteran's Administration to be totally disabled. He draws social security benefits of $410 per month and veteran's benefits of $197 per month. The daughter draws $167 per month from Social Security as his dependent.
The wife is presently employed by DuPont as a manual laborer with a take home pay of approximately $250 per week.
The husband cites the disproportionate award of real property as an abuse of discretion requiring reversal. The trial court, in making a property settlement, should consider the earning capacity and future prospects of the parties, their ages, sex, health and station in life, how long they were married, whether there are children to support, and the conduct of the parties with reference to the cause of the divorce. Bailey v. Bailey,345 So.2d 304 (Ala.Civ.App. 1977).
In this case, the trial court could have and probably did consider the evidence that the wife had contributed substantially to the attainment of the marital assets and that she is now the sole support of the parties' daughter. The court could also have considered the husband's admitted adultery and the part it played in the breakdown of the marriage. He is presently living openly with his paramour within sight of the home of his wife and daughter.
We have carefully reviewed the evidence presented and heard orally by the trial court. We are unable to hold that the award to the wife is so unsupported by the evidence as to constitute an abuse of discretion.
The husband's second issue is that the award of $100 per month as child support is so excessive as to be an abuse of discretion. He argues that his obligation to support his daughter should be limited to the $167 per month she receives directly from the Social Security Administration because of his disability. The undisputed evidence is that the father receives a total of $607 per month in disability payments. This amount is not diminished by the $167 per month which is paid directly to the child. We do not find the award of $100 per month in child support to be so excessive as to constitute an abuse of discretion. She will shortly be nineteen years of age and no longer dependent.
The request of the wife for attorney's fee on appeal is granted in the sum of $300.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur. *Page 614