Albert J. Barnett bought an airplane from Bessemer Executive Aviation (BEA) in 1979 and financed the purchase through Piper Acceptance Corporation. Later, Barnett and BEA entered into an arrangement whereby BEA agreed to lease the airplane to its customers. Barnett claims that BEA promised to make the purchase payment to Piper Acceptance Corporation with the excess of the rental fees over expenses. BEA, on the other hand, contends that it did not represent that there would be enough money from rentals to cover the purchase payments. Additionally, BEA claims that it did not agree to make the purchase payments for Barnett, but only agreed to remit 75% of the lease fees to him after deduction of expenses.
Subsequently Barnett became delinquent on the purchase payments, and Piper Acceptance Corporation repossessed the airplane. Barnett then brought suit against both Piper Acceptance Corporation and BEA. He alleged that Piper Acceptance Corporation fraudulently represented that it would accept surrender of the airplane as a complete satisfaction of the debt. This fraud claim against Piper Acceptance Corporation was severed and tried separately and is not involved in the present appeal. He also alleged misrepresentation, breach of contract, and conversion against BEA, arising from the lease agreement. The cause was tried before a jury, which returned a general verdict for Barnett in the amount of $10,400.00. Because BEA has failed to preserve any error for review, we affirm.
On direct examination, Barnett testified as follows:
 "Q. Do you have an opinion as to what the value of that aircraft was on May 20, 1981?
 "A. Yes, I do. May 20th, 1981, that aircraft, in my opinion, was valued somewhere about $28,000 to $29,000."
BEA contends that the trial court erred by sustaining Barnett's objection to the following question on cross-examination:
 "MR. BRIGHT: . . . The value of the plane you bought, what would you say the retail value of it is right now?
 "MR. GRAY: We object, may it please the court. That has no merit.
"THE COURT: Sustained.
"MR. BRIGHT: He asked him yesterday.
 "THE COURT: I'm going to sustain it as to right now, at this point."
Barnett alleged that the conversion of the airplane occurred on May 20, 1981. The testimony on direct examination, therefore, was relevant on the issue of conversion, since damages for that cause of action are computed as "the difference between the reasonable fair market value of the item converted and the balance due on the mortgage debt at the timeof conversion, plus interest." (Emphasis added.) Ott v. Fox,362 So.2d 836, 841 (Ala. 1978). The question asked on cross-examination was not relevant on this issue since it sought Barnett's opinion on the value of the airplane at the time of trial. Where an objection is sustained to a question which does not on its face show the expected answer, a party must make an offer of proof and explain the relevancy of the expected answer to preserve error for appellate review. Leonardv. Leonard, 360 So.2d 710 (Ala. 1978); Bradford v. Stanley,355 So.2d 328 (Ala. 1978); C. Gamble, McElroy's Alabama Evidence § 425.01 (4), at p. 785 (3d ed. 1977). BEA failed to explain the relevance of this question and, thus, did not preserve any possible error.
Next, BEA argues that the trial court erred by sustaining Barnett's objection to the following question:
 "Q. How many hours of flight time did you put on it from the time you left *Page 1285 
Bessemer until the time you got to Tuscaloosa?
"MR. GRAY: Your Honor, that has no relevance.
"THE COURT: I don't see the relevance.
 "Q. That's all right. When you got to Tuscaloosa was anybody from Piper there?
"A. No, sir."
BEA failed to make an offer of proof of the expected answer and did not explain to the trial court the relevance of the testimony. We cannot hold, therefore, that the trial court erred in sustaining the objection.
Finally, BEA contends that the trial court erred by sustaining Barnett's objection to its question concerning the outcome of the severed suit:
"Q. You said Piper Acceptance sued you.
"A. That's correct.
"Q. Have you sued them?
"A. Yes, sir, I have.
 "Q. Based on the same allegations you are suing Bessemer Executive Aviation?
"A. Based on the same, that I was not informed.
"Q. What was the outcome of that suit?
 "MR. GRAY: Object, may it please the court. We would be happy to stipulate to the fact that —
"THE COURT: Sustained."
Here, BEA again failed to make an offer of proof and failed to explain to the trial court the relevance of the expected testimony. We hold, therefore, that the trial court did not err in sustaining this objection.
For the above stated reasons, the judgment of the trial court is hereby affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and BEATTY, JJ., concur.