Glenda M. Tate, plaintiff below, sued Billy E. Tate for a divorce on February 7, 1984 on the ground of incompatibility. The trial court divorced the parties and made awards to each of them. The plaintiff appeals from this decree, alleging the trial court abused its judicial discretion in the division of property and failure to award alimony.
The record reveals that the parties were married on September 8, 1972. This was her second marriage and his first marriage. Plaintiff has one child, now twenty-one years of age, by her previous marriage. Plaintiff is forty-one years of age and defendant is fifty-two years of age. Plaintiff has a high school education, with some college, and is employed at $9.30 per hour as a supervisor for a data systems company. The defendant did not finish high school and works as a construction coordinator, making a gross salary of $37,000 a year plus about $4,000 a year in bonus pay. Plaintiff worked prior to the marriage and resumed employment in 1975. Plaintiff deposited her check in her personal account and bought some groceries, paid for her long distance telephone calls, made payments on her automobile, and purchased her personal items. All other expenses were paid from defendant's salary, which was placed in a joint account. From the *Page 427 
defendant's income and savings, four homes were purchased, the last being sixteen acres and a home, valued between $127,000 and $138,000. There is a $29,000 mortgage on this property. The parties also own one hundred and ten shares of Pacific Lumber stock, valued at $25 per share.
Plaintiff had separated from defendant on two occasions in 1977, and in December 1983 she advised him that she wanted to get away for a while and the movers would be there the next day. Plaintiff testified she was afraid of the defendant, that he had a violent temper, and that she had found five loaded weapons in the house when she moved. She also testified that defendant had made love to her only two or three times in the last two years. Defendant testified he still loved plaintiff and her son and he wanted her to resume the marriage. The plaintiff's son testified that he had never seen his step-father threaten his mother or act violently towards her.
After oral hearing, the trial court awarded to plaintiff a 1983 Chevrolet, a sewing machine, all personal property in her possession, $8,600 for division of property, and denied her request for alimony. The plaintiff had taken $3,000 out of checking and savings accounts when she separated from defendant. Defendant was awarded the house, the Pacific Lumber stock, and Parker-Hampton stock which was purchased by defendant in 1962, all personal property, vehicles and equipment in his possession.
"[W]hen a trial court renders a decree after an ore tenus
hearing, the decree is presumed correct if supported by the evidence." Mack v. Mack, 389 So.2d 1156 (Ala.Civ.App. 1980). The division of property and setting of alimony are within the sound discretion of the trial court and will not be reversed except for palpable abuse of that discretion. Mack v. Mack, supra. The division of property does not have to be equal but only equitable. Each case must be decided on its own facts and circumstances. Parker v. Parker, 392 So.2d 229 (Ala.Civ.App. 1980). Factors to be considered in the division of property and award of alimony are the future prospects of the parties, their ages, health, station in life, length of the marriage, and in proper cases the conduct of the parties with reference to the cause of the divorce. Mack v. Mack, supra; Wicks v. Wicks,379 So.2d 612 (Ala.Civ.App. 1980).
The trial court specifically considered these factors in its judgment. "[T]hough the judgment of the trial court might differ from a judgment the reviewing court might have rendered had it been the trial court, such is not a basis for reversal." Millerv. Miller, 361 So.2d 577 (Ala.Civ.App. 1978) (citation omitted). We do not find an abuse of discretion or palpable error by the trial court in failing to award periodic alimony or in the division of property.
The foregoing opinion was prepared by Retired Circuit Judge ROBERT M. PARKER while serving on active duty status as a judge of this court under the provisions of section 12-18-10 (e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.
HOLMES, J., concurs in the result.