This is a fraud case that originated in the Mobile Circuit Court. After a trial on the merits, the jury returned a verdict for Plaintiff/Appellee Bishop E.D. Davis and awarded him $87,500. Defendant/Appellant H. Leroy Davis appeals to this Court, alleging three errors in the trial below: 1) that the trial court improperly admitted evidence of a similar representation made by Defendant in another transaction; 2) that the trial court improperly sustained Plaintiff's hearsay objection to the testimony of one of Defendant's witnesses; and 3) that Defendant was denied due process because he was not served with copies of several pleadings and other documents.
We address in turn each allegation of error and include only those facts relevant and necessary to our discussion of each issue.
 I. Evidence of a Similar Representation
Defendant first argues that the trial court committed reversible error by allowing one of Plaintiff's witnesses to testify about a similar representation made to him by Defendant during a different transaction. Specifically, Defendant argues that this similar representation occurred in a transaction too removed in time from any representation he made to Plaintiff during their transaction to be of any probative value.
Indeed, our evidentiary rule of "similar representations," as set forth in C. Gamble, McElroy's Alabama Evidence § 70.03 (1) (3d ed. 1977), states:
 "Once there is evidence that the representation to the plaintiff was false, the plaintiff may then offer evidence of similar representations to others about the same time for the purpose of bolstering the conclusion that the representation to him was false." (Emphasis added; footnotes omitted.)
In the instant case, Defendant first made fraudulent representations to Plaintiff in 1972. Plaintiff's witness testified that the Defendant made similar representations to him in a transaction that occurred in 1981 or 1982. Yet, in ruling that this witness's testimony was admissible, the trial judge stated:
 "I don't have to explain why I ruled, but I will tell you the reason. I finally ruled this way — where it will be on the record and be clear — is that it occurred to me that this has got to be a continuing type fraud where different transactions were being made where the person that made the deposit said he had no knowledge that they were made. And that's why I finally let it in."
We agree with the trial court's characterization of the instant conduct as a "continuing type of fraud." Defendant's first representation to Plaintiff occurred in 1972, but Defendant made other representations to Plaintiff over a period of several years in order to conceal and perpetuate his fraud. Indeed, Plaintiff did not discover the fraud until 1981. Moreover, "[w]hether or not the offer of evidence will be denied on the ground of remoteness is a question to be decided by the trial court in the exercise of sound discretion, and such ruling by trial court will not be revised on appeal unless it is plain that error was committed." Roan v. Smith, 272 Ala. 538,541, 133 So.2d 224, 227 (1961). We find no abuse of discretion in the trial judge's allowance of this witness's "similar representation" testimony.
 II. Hearsay Testimony
Defendant bases his next allegation of error on the trial court's sustaining Plaintiff's hearsay objection to the testimony of one of Defendant's witnesses. Defendant argues that the testimony, though hearsay, was properly admissible by an exception to the hearsay rule.
The relevant portion of the record reads as follows: *Page 656 
 "Q Will you tell the jury, please, what knowledge you have of the E.D. Davis matters specifically?
"A Mallie told me —
"MR. BURNS: Objection, Judge, based on hearsay.
"MR. WILSON: Judge, he is dead.
"THE COURT: Sustained.
 "Q Did you have any personal relationship with Mallie Pate as it relates to the E.D. Davis matter?
"A No personal relationship.
"Q No personal relationship?
"A No.
 "Q What was your understanding in your talking with him or your understanding —
 "MR. BURNS: Again, Judge, objection. It's based on hearsay.
"THE COURT: Sustained."
Assuming, without deciding, the correctness of Defendant's argument that this witness's testimony is admissible by an exception to the hearsay rule, Defendant has not preserved any error for us to review. Defendant made no offer of proof as to the substance or relevancy of the witness's testimony, and "[w]hen the question does not show on its face the answer that will be given, and that such would be relevant, there must be an offer of proof made for appeal purposes." C. Gamble, supra, at § 425.01 (4). See, also, A.R.Civ.P. 43 (c); BessemerExecutive Aviation, Inc. v. Barnett 469 So.2d 1283 (Ala. 1985). In a case directly on point, this Court stated:
 "In the third assignment, the court sustained objection to a question wherein plaintiff was asked what the hospital orderly had said on the day following the accident. The question clearly called for hearsay. Whether the expected answer would be admissible as an exception to the rule against hearsay is not shown by the record. The question does not show on its face that the expected answer would be relevant evidence.
". . . .
 "In this assignment, therefore, there is no error to reverse." Greer v. Eye Foundation, Inc. 286 Ala. 63, 68-69, 237 So.2d 456, 460 (1970).
We note that after failing to make an offer of proof when the trial judge sustained the Plaintiff's hearsay objection, Defendant did in his motion for a new trial file an affidavit detailing the witness's expected testimony. Such an attempt, however, is insufficient as an offer of proof to preserve any alleged error, because "[a]t the moment an objection is sustained to a question propounded to a witness, the party asking the question should state to the court the answer expected from the witness in order for the court to determine whether or not the expected answer is admissible." C. Gamble,supra, at § 425.01 (5). Thus, the Defendant having failed to preserve any error for us to review, his second argument is also without merit.
 III. Denial of Due Process
Each of the matters raised under Appellant's third allegation of error (i.e., failure of notice as to certain documents and pleadings) was raised for the first time by way of post-judgment motion. The law does not permit a litigant with knowledge of previously unserved pleadings and documents to go to trial, gamble on a favorable outcome at the hands of the jury, and then, if he loses, raise this deficiency for the first time on a post-trial motion for a new trial. See, generally, 4 C.J.S. Appeal Error § 268 (1957). Moreover, six of the unserved items were letters and pleadings that Appellant's co-defendant, Gulf Federal, neglected to serve on its co-defendant, this Appellant. These included, for example, a counterclaim by Gulf Federal against the Plaintiff. Therefore, because the relationship between these co-defendants was that of principal and agent, and because they were united in their effort to disprove Plaintiff's allegation of fraud, we reject the contention of prejudice to the substantial rights to this individual Defendant.
AFFIRMED.
TORBERT, C.J., and MADDOX, SHORES and BEATTY, JJ., concur. *Page 657