ROBERTSON, Presiding Judge.
This case was originally tried in Montgomery County on December 9, 1988. The trial court issued a final decree of divorce and effectuated a property settlement. The husband appealed to this court, contending that he was not properly served. In August 1989, we reversed the trial court. See Bunbury v. Bunbury, 553 So.2d 612 (Ala.Civ.App.1989).
Subsequently, the husband was properly served, and, after another ore tenus proceeding, the trial court issued another judgment of divorce. Here, the trial court awarded the wife the marital residence, certain furniture and furnishings located in the marital residence, and $30,000 as a property settlement. Further, the trial court awarded the wife an attorney’s fee of $3,186.00. The husband appeals.
The dispositive issue on appeal is whether the trial court abused its discretion in the awards to the wife.
The law in this area is well settled. The division of property, as well as the award of attorney fees are within the sound discretion of the trial court and will not be disturbed on appeal except where such discretion was plainly and palpably abused. Click v. Click, 521 So.2d 67 (Ala. Civ.App.1988).
Moreover, when the trial court hears the evidence, as in the instant case, the judgment appealed from is presumed to be correct on appeal. This court cannot alter the judgment if it is supported by competent evidence unless the trial court’s decision is plainly and palpably wrong or unjust. Click.
*1365 The facts in pertinent part reveal that the wife is a 40-year-old school teacher with an income of $25,000 per year. The husband is 60 years old and is retired from a responsible and lucrative position as vice-president in charge of marketing for Wolverine World Wide. He is a man of independent means who would be considered wealthy by most standards. In fact, his income for 1988 was in excess of $400,000.
The parties met in June 1985. They began dating, and the relationship evolved into a romance. They traveled together extensively in the United States and abroad. In 1987, the husband purchased a yacht for the parties to live on in Michigan for the summer. In September 1987, they returned to Montgomery. The wife testified that they talked about marriage as early as November 1985; however, the husband was still in the process of obtaining a divorce from his previous wife.
In December 1987, the parties purchased a house in Montgomery. The house was jointly deeded to the parties with right of survivorship. In January 1988, the husband’s divorce from his prior wife was final. The parties were then married on February 6, 1988, and after a honeymoon trip to Antigua, they came back to Montgomery to live. Prior to the marriage, the husband had his lawyers draw up an ante-nuptial agreement and requested that the wife sign it. This agreement provided for a legally binding asset distribution upon the death of one of the parties and was to be interpreted in accordance with the laws of the state of Michigan. Further, the agreement contained a provision setting out that, in the event of a divorce, the division of assets would be as if the husband died before the wife.
The wife testified that she was in love with the husband and intended to live with him for the rest of her life. She stated that they had a good marriage, a normal relationship, and a normal sex life. She further testified that the first indication she had of any marital problem was in June 1988, when the husband was irate about her children. In August 1988, the wife testified that the husband packed his bags and left her with all the household bills to pay. The husband then moved back in with his ex-wife in Michigan.
We have reviewed the record, and in view of the above, we cannot say that the trial court abused its discretion in the awards to the wife. Although, at first glance, it may appear to be a rather large settlement for such a relatively short marriage, in view of the particular facts of this case, we affirm. The trial court’s award is further supported by the provision concerning divorce in the parties’ antenuptial agreement. Assuming, without deciding, that the agreement was not legally binding in Alabama, we see no reason why the trial court could not use it as a guide in the division of property. This is especially true where, as in the instant case, the husband had the instrument drawn up and then requested that the wife sign it before he would marry her. Furthermore, the husband’s own expert witness on matrimonial law stated that the agreement was drawn up with the intent to be interpreted under the law of Michigan, where such agreements are used as a guide to alimony and property settlements. Therefore, we find no abuse of discretion.
The husband also contends that the trial court erred in granting the wife’s posttrial motion, claiming that it was untimely filed. However, after a review of the record, we find that such motion was, in fact, timely filed.
The wife’s request for attorney fees for representation on appeal is granted in the amount of $1,500.
This case is due to be affirmed.
AFFIRMED.
THIGPEN and RUSSELL, JJ., concur.