628 So.2d 839 (1993)
Randy MORRISON,
v.
Terri Lynn MORRISON.
AV92000388, AV92000402.
Court of Civil Appeals of Alabama.
September 10, 1993.
Douglas M. Bates, Dothan, for appellant.
*840 Don P. Bennett, Dothan, for appellee.
YATES, Judge.
This is a divorce case wherein the mother, Terri Lynn Morrison, filed a complaint for separate maintenance, and the father, Randy Morrison, filed a complaint for divorce. The two cases were consolidated, and the complaint for divorce was considered as a counterclaim. A pendente lite order was entered awarding the temporary care, custody and control of the parties' minor child to the wife, and on September 22, 1992, a report of reference was entered, ordering the father to pay child support and the monthly living expenses of the mother.
On January 6, 1993, after ore tenus proceedings, a final judgment of divorce was entered, awarding custody of the minor child to the mother, and awarding reasonable visitation rights to the father. The mother then filed a motion for reconsideration or clarification, asking the trial court to continue enforcement of the September 22 order, so that the father would be obligated to pay support and maintenance for the mother and the minor child as provided in that order. The trial court, in clarification of the original judgment, ordered those sums to be paid only through the date of the final judgment of divorce; thereafter, the father was to proceed with payment as set out in the final judgment.
The father filed a motion for new trial on February 1, 1993, which was subsequently denied by the trial court. He then filed a timely appeal and the mother filed a cross-appeal.
The father contends that the trial court erred in limiting the time for trial and in not allowing him to call witnesses to attempt to prove the mother unfit to have custody of the minor child. He argues on appeal that these witnesses would have testified on contested points as to controlling facts and, therefore, they would have impeached the credibility of the mother's testimony. No offer of proof was made at trial concerning the testimony of these witnesses. The father did attach, along with his motion for new trial, an affidavit by each witness he had intended to call, stating what each one would have testified to, had their testimony been allowed.
The ore tenus rule is applicable in this case; therefore, the findings of the trial court are presumed correct on appeal, absent a plain and palpable abuse of discretion. Chambliss v. Chambliss, 587 So.2d 406 (Ala. Civ.App.1991). "This presumption of correctness is strengthened by the denial of a motion for new trial." Id. at 408.
"The trial court has some discretion in limiting cumulative evidence." Case v. Case, 627 So.2d 980, 983 (Ala.Civ.App.1993). This exercise of discretion must be done by taking into consideration the special circumstances of the individual case. Id. If an offer of proof as to the substance or relevancy of the witness's testimony is not made for appeal purposes, there is nothing for this court to review. Davis v. Davis, 474 So.2d 654 (Ala.1985). The law is clear, however, that "`[a]n offer of proof is not necessary, in order to preserve an objection to a ruling of exclusion for review, where the offer of proof would be a useless gesture by virtue of the attitude of the trial court....'" Garrett v. Sun Plaza Development Co., 580 So.2d 1317, 1319 (Ala.1991).
A colloquy took place between the attorney for the father and the trial court, as follows:
"THE COURT: ... Gentlemen, I am going to take the case under advisement and have something by tomorrow.
". . . .
"MR. BULLARD: Judge, we have
"THE COURT: You have ten witnesses, I know; and Mr. Bennett does, too. Y'all have had your clients on the stand for an hour and five or ten minutes apiece. And that's all your time.
Next case. There is another case after yours and another case after that.
"MR. BULLARD: I understand, Judge.
"THE COURT: And everybody knows that, because you gentlemen have tried cases before me for five years.
"MR. BULLARD: I didn't understand we were going to be cut off so quick.

*841 "THE COURT: You are always limited on time.
"MR. BULLARD: I know that, Judge. I have advised my client of that. But, we had a couple or three witnesses we think [are] terribly important.
"THE COURT: I have no objection to the way people use their time. I just have an objection to how much of it there is.
"MR. BULLARD: We understand, Judge. Thank you, Your Honor.
"MR. BENNETT: Of course, Judge, for the record, we would enter an objection, too.
"THE COURT: And you have ten witnesses in the witness room, also.
"MR. BENNETT: Well, I am not going to say that, Judge."
Considering the court's position during this colloquy, this court agrees with the father that an offer of proof would have been futile. Although the evidence the father attempted to introduce was not merely cumulative, the trial judge, after reading the affidavits attached to the father's motion for new trial, apparently was not convinced that the evidence warranted a reversal of its decision. Consequently, after reviewing the record in its entirety, any error in the trial court's ruling to limit testimony was harmless error and, therefore, not grounds for reversal. Rule 45, A.R.Civ.P.; Walton v. Walton, 409 So.2d 858 (Ala.Civ.App.1982).
This court points out that if the affidavits of the potential witnesses had not appeared in the record, this court would have been required to reverse and remand for a new trial. A trial court may not simply disallow testimony due to time constraints and the desire to clear its docket.
The wife contends on cross-appeal that the trial court erred in the division of marital assets and liabilities, and in failing to award the wife attorney's fees.
Awards of alimony and attorney's fees, and the division of property, are all within the discretion of the trial court and such discretion will not be disturbed on appeal, absent a plain and palpable abuse of that discretion. Chambliss, 587 So.2d 406; Bunbury v. Bunbury, 579 So.2d 1364 (Ala. Civ.App.1991). The division of property only has to be equitable, not equal. Tate v. Tate, 477 So.2d 426 (Ala.Civ.App.1985). The "[f]actors to be considered in the division of property and award of alimony are the future prospects of the parties, their ages, health, station in life, length of the marriage, and in proper cases the conduct of the parties with reference to the cause of the divorce." Id. at 427. In determining whether to award attorney's fees, the court should consider "the conduct of the parties, the financial circumstances of the parties, and the outcome of the litigation." Murphree v. Murphree, 579 So.2d 634, 637 (Ala.Civ.App.1991).
A recitation of the facts in this case is unnecessary. After a thorough review of the record, this court finds no abuse of discretion in the trial court's decisions concerning alimony, attorney's fees and division of property. Therefore, the decision of the trial court is due to be affirmed. The mother's request for attorney's fees on appeal is denied.
AFFIRMED.
THIGPEN, J., concurs.
ROBERTSON, P.J., dissents.
ROBERTSON, Judge (dissenting).
The Alabama Unified Judicial System should provide judicial services in a just, fair, and common-sense manner and in such a way that the public will have respect for our judicial system. I agree that the trial court has some discretion in limiting cumulative evidence; however, in this case, I feel that the parties were too restricted in their presentation of oral testimony regarding the factors to be considered in this divorce action.
The integrity of our judicial system should be maintained by giving litigants a fair and just trial. The outcome may be the same, but the parties should be given an opportunity to present their evidence. Otherwise, the *842 public's respect for and trust in our judicial system cannot be maintained.