Mobile Asphalt Company (MAC) filed suit against Doris Strickland, d/b/a Strickland Construction, alleging that Strickland owed MAC $21,253.52, plus interest, for an itemized, verified statement of account, which remained unpaid, and for work and labor performed.
The case was tried non-jury. The trial court entered a judgment in favor of MAC in the amount of $23,060.07.
Strickland appeals. This case is before this court pursuant to Ala. Code 1975, § 12-2-7(6). We affirm.
The sole issue raised on appeal is whether the trial court erred when it sustained MAC's hearsay objection and refused to allow Red Strickland to testify regarding statements allegedly made by George Hardy, a subcontractor for MAC.
Strickland contends that the statement is relevant for impeachment purposes and is an exception to the hearsay rule as a party's admission against interest.
George Hardy testified on direct examination as follows:
 "Q Did you have any discussions with Mr. Strickland about anything about this project?
"A No, sir."
The relevant portion of Red Strickland's testimony is as follows:
 "Q You were about to tell us what Mr. Hardy had said to you about — when y'all were talking about the base, when you said that you and Mr. Hardy had some conversation about how the base had to be done?
 "MR. GALLOWAY: Judge, I'm going to object as being irrelevant. First off, something Mr. Hardy says is hearsay. He's not a party to this lawsuit.
"THE COURT: Sustained.
 "MR. KNIZLEY: Judge, I feel that Mr. Hardy being a sub-contractor was an agent of [MAC].
"MR. KNIZLEY: That's all that I have, Judge.
"THE COURT: All right.
"MR. GALLOWAY: That's all, Your Honor."
We would note from the above relevant portion of the record that Strickland made no offer of proof as to the substance or relevancy of Red Strickland's testimony. The failure to make such an offer of proof resulted in a failure to preserve any error for our review. Davis v. Davis, 474 So.2d 654 (Ala. 1985).
The concept of offer of evidence or offer of proof is discussed in C. Gamble, McElroy's Alabama Evidence § 425.01 (4th ed. 1991). We find the following pertinent statements at § 425.01(4) and at § 425.01(5):
 "When the question does not show on its face the answer that will be given, and that such should be relevant, there must be an offer of proof made for appeal purposes. It is often a very close determination as to whether the question on its face does or does not show the answer that will be given. Because of this dilemma, it behooves the questioning party to make an offer of proof in every case where the trial judge sustains an objection made to his question propounded to a witness. The cases cited below show the danger in not following this suggested course of action.
 "At the moment an objection is sustained to a question propounded to a witness, the party asking the question should state to the court the answer expected from the witness in order for the court to *Page 895 
determine whether or not the expected answer is admissible."
(Footnotes omitted.)
In view of the above, this case is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.