Pamela S. Jackson filed a complaint against James Jackson, Jr., in the Bullock County Circuit Court, seeking custody of the parties' minor children, child support, and an equitable division of property. Following oral proceedings, the trial court entered a judgment, awarding the parties joint custody of the children, alternating custody of the children annually, and awarding the noncustodial parent certain visitation rights. The mother filed a motion to amend the judgment, contending, among other things, that the trial court failed to consider the Custody and Domestic or Family Abuse Act, § 30-3-130 et seq., Ala. Code 1975, in awarding joint custody. The trial court denied the mother's motion.
The mother appeals, contending that the trial court erred (1) in failing to apply the rebuttable presumptions provided in §§ 30-3-131 and -133, Ala. Code 1975, and (2) in ordering joint custody without addressing the provisions of the Joint Custody Act, § 30-3-150 through -156, Ala. Code 1975.
In 1995 the Alabama legislature passed the Custody and Domestic or Family Abuse Act, § 30-3-130 through -136, effective July 31, 1995. Section 30-3-131, Ala. Code 1975, provides as follows:
 "In every proceeding where there is at issue a dispute as to the custody of a child, a determination by the court that domestic or family violence has occurred raises a rebuttable presumption by the court that it is detrimental to the child and not in the best interest of the child to be placed in sole custody, joint legal custody, or joint physical custody with the perpetrator of domestic or family violence. Notwithstanding the provisions regarding rebuttable presumption, the judge must also take into account what, if any, impact the domestic violence had on the child."
(Emphasis added.) " '[D]omestic or family abuse' means an incident resulting in abuse, stalking, assault, harassment, or the attempt or threats thereof" as defined in the criminal code. § 30-3-130.
A finding that domestic or family violence has occurred also raises a rebuttable presumption that "it is in the best interest of the child to reside with the parent who is not the perpetrator of domestic or family violence." § 30-3-133. Section 30-3-132 sets forth the factors that the trial court is required to consider in determining custody or visitation. Section 30-3-135 specifies the actions that the court may take to protect the child or non-abusive parent in awarding visitation to the perpetrator of domestic or family violence.
In 1996 the legislature passed the Joint Custody Act, §30-3-150, et seq., Ala. Code 1975, effective January 1, 1997. That act requires a trial court to consider, in every case where custody is at issue, joint custody. § 30-3-152(a). Section 30-3-152 also provides the factors that the trial court must consider in awarding "sole legal and physical custody" of a child.
Statutes relating to the same general subject matter must be construed together. Ex parte Gauntt, 677 So.2d 204 (Ala. 1996). "Where statutes in pari materia are general and specific, the more specific *Page 48 
statute controls the more general statute." Crawford v.Springle, 631 So.2d 880, 882 (Ala. 1993).
In studying §§ 30-3-131 and -152 together, we conclude that §30-3-131 is more specific and that once a trial court determines that domestic or family violence has occurred, the court cannot consider awarding joint custody of a child to the perpetrator unless he or she has clearly rebutted the presumption against joint custody.
It is undisputed that the father struck the mother several times, causing her to fall and injure her arm, and that the mother received stitches as a result of the injury. The mother also testified that the father threatened her with a handgun and that on another occasion, the father tried to force himself on her, which she reported to the police. The father denied threatening the mother with a handgun or trying to force himself on the mother.
After reviewing the record, we conclude that the undisputed evidence establishes that the father's striking of the mother was an incident of assault, defined in §§ 13A-6-20 through -25, or of harassment, defined in § 13A-11-8. Based upon the trial court's post-trial statement that "there was no evidence that either is more or less fit than the other to have custody," it appears that the trial court did not consider, or was not aware of, § 30-3-131. Therefore, we reverse that portion of the judgment awarding the parties joint custody of the children and remand the cause to the trial court to determine whether the father rebutted the presumptions established by §§ 30-3-131 and -133 and to consider the factors set forth in §§ 30-3-132 and -135.
The foregoing opinion was prepared by Retired Appellate Judge L. Charles Wright while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala. Code 1975.
REVERSED AND REMANDED.
All the judges concur.