Kimberly Fields Harbert (the "mother") and Gary J. Harbert (the "father") were divorced in March 1994. The divorce judgment awarded them joint custody of their two children. In November 1994, they filed a joint motion for modification, requesting that the father be awarded primary physical custody of the son and that the mother be awarded primary physical custody of the daughter. The trial court modified the custody provisions as requested by the parties. In October 1997, the mother petitioned for protection from abuse, alleging that the father had shoved her against a brick wall, bruising her. She also petitioned for modification, requesting sole custody of the parties' children. The father counterpetitioned for modification in November 1997. He filed an offer of judgment in December.
After a hearing, the trial court denied both petitions for modification, on January 6, 1998. On January 12, the mother moved to, among other things, clarify the January 6 judgment; on January 13, the trial court amended its judgment to provide, among other things, that the parties were to have "visitation" with both children every other weekend. On January 21, the mother petitioned the trial court to hold the father in contempt for refusing to turn over the son for visitation; the trial court ordered that the father turn the child over to the mother. On that same day, the trial court, sua sponte, set aside its January 6 and January 13 judgments and entered another judgment incorporating the terms of the father's offer of judgment. The judgment provides, among other things, that the parties have joint custody of the children and that the father have physical custody of the children from 5:00 p.m. Friday to 5:00 p.m. Sunday every weekend. The mother appeals from that order.
The mother argues that the trial court erred by not allowing her to cross-examine the father, by refusing to hear the testimony of the minor children, and by limiting the time in which she could present her case. In a case where a trial court disallows testimony, an offer of proof is typically necessary to preserve the objection to the trial court's ruling. Morrisonv. Morrison, 628 So.2d 839, 840 (Ala.Civ.App. 1993) (citations omitted). In cases where an "offer of proof would be a useless gesture by virtue of the attitude of the trial court," however, such an offer is not required. Morrison,628 So.2d at 840 (quoting Garrett v. Sun Plaza DevelopmentCo., 580 So.2d 1317, 1319 (Ala. 1991)). The mother did not make a offer of proof concerning the children's testimony; however, in light of the trial judge's clear indication that he would hear no more testimony after the expiration of the time limit, we agree that an offer of proof would have been futile in this case.
Although a trial court does have the authority to limit cumulative evidence, this court has held that "a trial court may not simply disallow testimony due to time constraints and the desire to clear its docket." Morrison,628 So.2d at 841. In Morrison, the father contended that the trial court erred by limiting the time for trial and by not allowing him to call witnesses to prove the mother unfit to have custody of the parties' minor child. Id. at 840. This court affirmed the trial court's judgment in Morrison
because, with his motion for new trial, the father had submitted affidavits containing the proposed testimony; as a result, we were able to determine that the trial court's error in not allowing the additional testimony was harmless. Id.
at 841. However, we stated that if "the affidavits of the potential witnesses had not appeared in the record, this court would have been required to reverse and remand for a new trial."Id. This case presents exactly that situation. Therefore, the judgment is reversed and the cause is remanded for a new trial.
The mother also argues that the trial court erred by failing to apply the provisions of the Custody and Domestic or Family Abuse Act, codified in Ala. Code 1975, §§ 30-3-130 through -136. Although we are reversing and remanding, because this issue will likely arise on remand, we will discuss the application of the statute. When custody is at issue, a trial court is required to apply the provisions of this statute. When a trial court determines that domestic or family abuse has occurred, § 30-3-131 creates a *Page 226 
rebuttable presumption that it would be in the best interest of the children not to be placed in the sole, joint legal, or joint physical custody of the perpetrator of the domestic or family abuse. Certain factors for the court to consider are outlined in § 30-3-132, including the safety and well-being of the children and the perpetrator's history of abuse and threatening or violent behavior.
In Jackson v. Jackson, 709 So.2d 46, 48
(Ala.Civ.App. 1997), this court held that a trial court's failure to consider the provisions of § 30-3-130 through -136 required a reversal of the trial court's judgment. In that case, we also considered the interplay of the Joint Custody Statute, codified in Ala. Code 1975, § 30-3-150 et seq., which sets out this state's policy of favoring joint custody arrangements, and the Custody and Domestic or Family Abuse Act.Jackson, 709 So.2d at 47. We decided that § 30-3-131, which creates the rebuttable presumption against joint custody in cases involving domestic or family abuse, was more specific than § 30-3-152, which states the factors a trial court is to consider when determining whether joint custody would be appropriate. Jackson, 709 So.2d at 48. Therefore, we concluded that "once a trial court determines that domestic or family violence has occurred, the court cannot consider awarding joint custody of a child to the perpetrator unless he or she has clearly rebutted the presumption against joint custody." Id.
The mother petitioned for protection from abuse, and she testified at the hearing concerning alleged abuse by the father against her. The specific incident she testified about occurred in October 1997 and involved the father's allegedly grabbing her by her arm and knocking her into a brick wall. The father's testimony about the incident differed from that of the mother. He testified that he asked her not to come inside his home; that he closed the door; that she threw the door open and attempted to enter; and that he then pushed her out the door.
The trial court, shortly after the mother filed her petition, signed an order enjoining the father from threatening or committing acts of abuse. However, the trial court did not in its judgment make a finding that domestic abuse either had or had not occurred, and it awarded the parties joint custody of the children. Nothing in the record indicates that the trial court considered the provisions of §§ 30-3-130 through -136. In light of our decision in Jackson and the trial court's failure to make a finding whether domestic abuse had occurred, the trial court is directed, on remand, to make such a finding and, if necessary, to apply the remaining provisions of the Custody and Domestic or Family Abuse Act.
We pretermit discussion of the other issues raised by the mother, in light of our decision to reverse and remand on the authority of Morrison v. Morrison, 628 So.2d 839
(Ala.Civ.App. 1993).
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and YATES, MONROE, and THOMPSON, JJ., concur.