The Alabama Surface Mining Commission sued Johnny Cupps, d/b/a Cupps Trucking Company, seeking an injunction to prohibit Cupps from excavating coal in west Jefferson County without a permit. Cupps answered, alleging that he was exempt from the permit requirement. The case proceeded to a bench trial on June 15, 1999.
After hearing two witnesses on behalf of the Commission — Cupps, as an adverse witness, and Dr. Randy Johnson, executive director of the Commission — the circuit judge interrupted the trial, stated that he thought further proceedings would be a waste of the taxpayers' money, and dismissed the complaint ex mero motu. The Commission appeals.
The Commission called Cupps as an adverse witness. During questioning of Cupps by his own attorney following his questioning as an adverse witness, the trial court interrupted the proceedings and the following occurred:
 "THE COURT: I can't go any further. To me this is a waste of time and taxpayer money. I'm denying all the requests for injunction by the state. And I feel like if this defendant is prosecuted further, I reserve judgment to tax attorneys fees for the defendant to the state agencies. . . .
 "MR. McCARTHY [attorney for the Commission]: Judge, may we respond? We hardly scratched the surface of getting into our case. We've not yet presented the witnesses, the inspectors for the mining commission."
Counsel for the Commission then made an offer of proof as to what its other witnesses, *Page 1112 
if allowed to testify, would say. The testimony sought to be elicited was not cumulative of the evidence already presented.
The trial court erred by ending the trial before the Commission had the opportunity to present the witnesses it claims would have proved the allegations of its complaint. Although the trial court has discretion to limit the number of witnesses who may be called to prove a particular matter, Case v. Case,627 So.2d 980 (Ala.Civ.App. 1993); Ala. R. Evid. 403, that discretion is not without limits. Sweatman v. FDIC, 418 So.2d 893 (Ala. 1982).
 "[The trial judge's refusal to permit certain witnesses to testify will constitute reversible error if those witnesses are produced to give testimony which goes to settle an ultimate issue in the case and which is different from the testimony given by the witnesses who have already testified."
C. Gamble, McElroy's Alabama Evidence § 10.06 at 34 (5th ed. 1996).
 "The integrity of our judicial system should be maintained by giving litigants a fair and just trial. The outcome may be the same, but the parties should be given an opportunity to present their evidence. Otherwise, the public's respect for and trust in our judicial system cannot be maintained."
Morrison v. Morrison, 628 So.2d 839, 841-42 (Ala.Civ.App. 1993) (Robertson, P.J., dissenting).
The judgment of the circuit court is reversed and the cause is remanded with instructions to complete the evidentiary hearing on the Commission's claims for relief.
REVERSED AND REMANDED WITH INSTRUCTIONS.
Robertson, P.J., and Yates, Monroe, and Thompson, JJ., concur.