THOMPSON, Judge.
G.T. (the “father”) and A.S. (the “mother”) were married on June 9, 1997; they were divorced approximately one year later. They reconciled but did not remarry. On May 6, 1999, a son was born to the parties. In January 2000, the trial court entered a judgment in which it established that G.T. was indeed the father, ordered him to pay child support, and awarded the parents joint custody of the child.
On August 8, 2000, the father petitioned for primary custody of the child; on August 14, 2000, the trial court awarded the father temporary custody of the child pending a final hearing. On August 28, 2000, the mother filed an ex parte motion for emergency relief, seeking temporary custody of the child. On that same date, the trial court entered an order granting the mother’s motion and transferring temporary custody of the child to her. Also on August 28, 2000, the trial court entered an order reinstating its August 14, 2000, order and setting aside its first August 28, 2000, order that had awarded the mother temporary custody. In the later August 28, 2000, order, the trial court explained that the first August 28, 2000, order had been entered through administrative error.
The trial court conducted an ore tenus hearing. On November 6, 2000, the trial court entered a judgment awarding custody of the child to the father and awarding visitation rights to the maternal grandmother. The trial court’s judgment contained no provision regarding visitation for the mother. The mother appealed. The father has not favored this court with an appellate brief.
The record indicates that the parties have reconciled and separated several *1169 times during the course of their relationship. At the time of the trial, the father was 35 years old, and the mother was 19 years old. Both parties made allegations of illegal drug use against the other.
The father testified that at the time of the parties’ most recent separation, the mother expressed an unwillingness to take care of the child and that she left the child with him. Since the parties’ most recent separation, the father and the child have lived in the father’s mobile home. The father testified that he takes care of the child and that his mother occasionally helps him care for the child.
At the time of the hearing, the mother was living with her boyfriend. The mother testified that during the times she had lived with the father, she had been the child’s primary caregiver. The mother alleged that the father had physically abused her. The transcript indicates that the father has been arrested several times as a result of the mother’s allegations of domestic abuse.
The father admitted that he had been arrested at the mother’s instigation, but he denied her allegations of abuse in connection with each of those arrests. During the father’s testimony about those arrests and the mother’s abuse allegations, the trial court stated: “I am totally convinced that [the mother] stays up all hours of the night writing and generating papers, because I get to look at the papers, though I do not find much substance to them.”
The mother’s mother testified that she had witnessed an incident in which the father tried to choke the mother; she testified that on that occasion one of the father’s friends pulled him away from the mother. That friend of the father’s also testified; he denied witnessing any physical abuse of the mother by the father, and he denied the incident described by the mother’s mother.
The mother argues that the trial court erred in failing to make a finding of fact regarding whether domestic abuse had occurred. Section 30-3-131, Ala.Code 1975, provides that where a court determines that domestic or family violence has occurred, there is a rebuttable presumption that it is not in the best interests of the child that custody be awarded to the perpetrator of the abuse. There is a re-buttable presumption that it is in the child’s best interest to reside with the parent who is not a perpetrator of domestic or family abuse. § 30-3-131, Ala.Code 1975. In this case, the trial court made no factual finding regarding the allegations of abuse.
As stated in Nye v. Nye, 785 So.2d 1147 (Ala.Civ.App.2000), this court has consistently held that where a case involves an allegation of domestic abuse, the trial court is required to make an express finding as to whether the abuse occurred. The failure to make such a finding is reversible error. Id. See also M.J.Y. v. J.S.Y., 758 So.2d 571 (Ala.Civ.App.1999); Fesmire v. Fesmire, 738 So.2d 1284 (Ala.Civ.App.1999) (plurality opinion); Jackson v. Jackson, 709 So.2d 46 (Ala.Civ.App.1997). Although the trial judge’s comment made during the course of the hearing indicates that he did not find all of the mother’s allegations against the father to be credible, we cannot determine from the judgment whether the trial judge properly considered the allegations of domestic abuse against the father in light of §§ 30-3-131 and -133. We must reverse on this issue and remand this case for the trial court to enter a judgment containing a finding as to whether the alleged domestic or family abuse occurred. See §§ 30-3-131 and -133, Ala.Code 1975; Nye v. Nye, supra. Because we remand this case for the trial court to enter a judgment in compliance with the Custody and Domestic or Family Abuse Act, §§ 30-3-130 *1170 through -36, we do not reach the mother’s argument that the trial court’s award of custody to the father was not supported by the evidence.
The mother also argues that the trial court erred in failing to include in its judgment a provision allowing her visitation with the child. “The trial court has broad discretion in determining the visitation rights of a noncustodial parent.” Anonymous v. Anonymous, 620 So.2d 43, 44 (Ala.Civ.App.1993) (citing Andrews v. Andrews, 520 So.2d 512 (Ala.Civ.App.1987)). The primary consideration in establishing visitation rights is the best interests of the child. Id.; Speakman v. Speakman, 627 So.2d 963 (Ala.Civ.App.1993); Hand v. Hand, 617 So.2d 1040 (Ala.Civ.App.1993). This court cannot determine whether the trial court intentionally — or inadvertently — omitted from its judgment any provision for visitation by the mother. On remand, the trial court is eithe/ to award the mother visitation rights or to state findings of fact regarding why such an award would not promote the best interests of the child.
REVERSED AND REMANDED.
YATES, P.J., and CRAWLEY, PITTMAN, and MURDOCK, JJ., concur.