CRAWLEY, Presiding Judge.
R.C. (“the mother”) appeals from a judgment of the Houston Juvenile Court awarding custody of her two children, M.K.C. and K.G.C., to L.C. and K.C. (“the paternal grandparents”). The mother argues that the trial court’s limitation of her presentation of evidence denied her due process. We agree and reverse.
The facts are not pertinent to our review of this appeal except insofar as to explain that the parties disputed whether the mother and the paternal grandparents had agreed to the paternal grandparents’ caring for the children until the end of the school year when the mother relocated to Florida in February 2004 with J.S., who was her fiancé at the time and who she later married; whether the mother kept in contact with and visited the children during the three-month period during which the children lived with the paternal grandparents before the paternal grandparents filed a dependency petition in late May 2004; whether the paternal grandparents knew how to reach the mother during that three-month period; and whether J.S. used excessive physical punishment on the children, resulting in their being frightened of him.
The trial commenced on August 17, 2004. The record does not clearly indicate at what time the proceedings commenced; however, only a portion of the paternal grandfather’s testimony was taken that afternoon. The trial court instructed the parties to return on August 30, 2004, at 10:00 a.m. On August 30, the paternal grandfather resumed testifying. The paternal grandparents called four more witnesses that day. After the paternal grandparents’ third witness testified, the trial court recessed the trial for a lunch break; the trial was to resume at 1:30. After the lunch recess, the paternal grandparents called their fourth and final witness and rested. The paternal grandparents’ witnesses produced 161 pages of testimony.
After the paternal grandparents rested, the mother proceeded to call the paternal grandmother to testify. The direct examination and the cross-examination of the paternal grandmother comprised 30 pages in the record. Twenty pages into the paternal grandmother’s testimony, the trial court announced that it was 2:40 p.m. and that it intended to “close this thing off about 3:15.” Counsel for the mother ob *1111 jected to the trial court’s limitation of time after the paternal grandmother left the stand; counsel then called the mother as a witness. Her testimony takes up 50 pages of the record. Once the mother’s testimony was completed, counsel indicated that he wished to call J.S. and questioned whether the court would like to hear from the children, including the mother’s 12-year-old son from a former marriage. The trial court informed counsel that “I’m out of time” and stated, “No, I have heard enough testimony to make a decision.” The testimony of the witnesses presented by the mother makes up only 85 pages of the record.
The mother argues that the trial court’s decision to end the trial after she had called only two witnesses denied her due process of law. We must first address whether the mother preserved any claim of error as to the trial court’s refusal to hear additional testimony. In a case where a trial court disallows testimony, an offer of proof is typically necessary to preserve the objection to the trial court’s ruling. Harbert v. Harbert, 721 So.2d 224, 225 (Ala.Civ.App.1998). In cases where an “ ‘offer of proof would be a useless gesture by virtue of the attitude of the trial court,’ ” however, such an offer is not required. Harbert, 721 So.2d at 225 (quoting Morrison v. Morrison, 628 So.2d 839, 840 (Ala.Civ.App.1993) (quoting in turn Garrett v. Sun Plaza Dev. Co., 580 So.2d 1317, 1319 (Ala.1991))). The mother did not make an offer of proof of the testimony she expected to elicit from her proposed witnesses. However, we conclude that any attempt to make an offer of proof would have been futile in the present case because of the trial court’s insistence that it would grant no more time to the trial of this case. See Harbert, 721 So.2d at 225.
The mother did, however, attach affidavits from her proposed witnesses to a Rule 59, Ala. R. Civ. P., motion for a hew trial. Those affidavits indicate the substance of the testimony sought to be elicited from each witness. In general, the affidavit statements by the proposed witnesses contradict the evidence presented by the .paternal grandparents concerning J.S.’s relationship with- the children; the mother’s telephone contact with the paternal grandparents and the children during the three-month period the children lived with the paternal grandparents; and the mother’s visitation with the children during that three-month period.
A' court considering a custody issue has “wide judicial discretion [because the] proceedings involv[e] the welfare of children.” Thorne v. Thorne, 344 So.2d 165, 168 (Ala.Civ.App.1977). However, a court’s exercise of that discretion is ■ limited by the “right of the parents to due process of law in the proceedings.” Thorne, 344 So.2d at 169. The Thome court concluded that “the parental right to due process far outweighs any burden that would be placed on the proceeding to determine that right ” Id. at 171.
Our supreme court -has explained that due process should be observed in custody proceedings, stating:
“In dealing with such a delicate and difficult question — the welfare of a minor child — due process of law in legal proceedings should be observed. These settled courses of procedure, as established by our law,, include due notice, a hearing or opportunity to be heard before a court of competent jurisdiction.”
Danford v. Dupree, 272 Ala. 517, 520, 132 So.2d 734, 735-36 (1961).
“Moreover, procedural due process contemplates the basic requirements of a fair proceeding including an impartial hearing before a legally constituted -court; an opportunity to present evi *1112 dence and arguments; information regarding the claims of the opposing party; a reasonable opportunity to controvert the opposition’s claims; and representation by counsel if it is desired.”
Crews v. Houston County Dep’t of Pensions & Sec., 358 So.2d 451, 455 (Ala.Civ.App.1978) (emphasis added). This court has stated that “[t]he fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner.” In re Stewart, 481 So.2d 899, 901 (Ala.Civ.App.1985).
Rule 403, Ala. R. Evid., clearly states that a trial court may exclude relevant evidence “if its probative value is substantially outweighed ... by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.” Although the Alabama Rules of Evidence were not adopted until 1996, trial courts had the same power to exclude evidence on the basis of cumulativeness before the adoption of the Alabama Rules of Evidence. See Rule 403, Advisory Committee’s Notes; see also Stokes v. Bryan, 42 Ala.App. 120, 123, 154 So.2d 754, 756 (1963) (“No doubt, the trial court has some discretion in limiting cumulative evidence.”); and State ex rel. Pryor v. Cupps, 770 So.2d 1111, 1112 (Ala.Civ.App.2000) (recognizing the general rule that a trial court may limit the number of witnesses who may be called to prove particular facts). Generally, the decision whether to exclude proffered evidence on the basis that it is cumulative is “largely in the trial court’s discretion.” Charles W. Gamble, McElroy’s Alabama Evidence § 10.07 (5th ed.l996)(footnote omitted).
However, a trial court’s discretion to exclude evidence or limit witnesses on the basis that the evidence is cumulative is not boundless. Sweatman v. FDIC, 418 So.2d 893, 897 (Ala.1982). Although the Sweatman court was discussing the general rule that “an error in excluding evidence is harmless where it is admitted at another time or in another form,” its comments on the limits of a trial court’s discretion to exclude cumulative evidence is instructive:
“[T]he mere fact that the same evidence sought to be elicited from the witness was adduced through other witnesses does not automatically, and of itself, render the trial court’s refusal of such evidence harmless error. The trial judge does not have unlimited discretion to refuse admission of cumulative testimony; nor will he be spared reversal on harmless error grounds where he bars the testimony of a witness solely because the fact sought to be proved by the proffered testimony has already been established by the testimony of another witness. The harmless error rule must be tested by the circumstances of each individual case.”
Sweatman, 418 So.2d at 897. Gamble explains the limits on a trial court’s discretion to exclude evidence under Rule 403 thusly: “The trial court is not empowered to exclude evidence simply because of impatience with the length of the trial.” Gamble, supra, § 21.01(10).
This court has also discussed a trial court’s discretion to limit the number of witnesses a party may call. In a custody case considering whether the trial court properly limited the father’s presentation of witnesses, we explained:
“ ‘The trial court may, in its discretion, restrict the number of witnesses to establish a particular fact, at least where the fact is sufficiently established or is not controverted. The discretion must be an actual and judicial discretion, exercised in view of the special character and circumstances of the particular case.’ ”
*1113 Case v. Case, 627 So.2d 980, 983-84 (Ala.Civ.App.1993) (quoting 88 C.J.S. Trial § 92 at 201 (1955)).
The paternal grandparents rely on Case, 627 So.2d at 983-84, and Morrison, 628 So.2d at 841, in support of their argument that the mother’s due-process rights were not violated and that an affirmance of the trial court’s judgment is proper under these circumstances because of the ore tenus rule and the fact that the trial court in the present case denied the mother’s motion for a new trial. Although both Morrison and Case affirmed custody awards made in cases where the trial court limited the appealing party’s presentation of evidence, we cannot say that those cases stand for the blanket proposition that in every case where a trial judge limits a party’s presentation of evidence that limitation is harmless error when the trial court denies a motion for a new trial. In fact, we find Case distinguishable, and, after close consideration, we overrule Morrison insofar as it holds that a trial court’s exclusion of noncumulative evidence is harmless error.
In Case, this court affirmed the trial court’s use of its discretion in limiting the number of witnesses to testify in a child-custody case. Case, 627 So.2d at 984. We based that conclusion, in part, on the principles of law discussed above permitting a trial court, in its discretion, to limit the number of witnesses where a fact has been established or is not controverted. Case, 627 So.2d at 983. We specifically stated that the testimony in the record was becoming repetitive and cumulative. Thus, we concluded that the trial court had properly exercised its “actual and judicial discretion” in limiting the testimony. Id. at 983-84.
In Morrison, the trial court had awarded custody of the parties’ child to the mother. Morrison, 628 So.2d at 840. Our opinion in that case indicates that the parties themselves were each on the stand for an hour and five or ten minutes; however, although both parties had planned to call other witnesses, the trial court arbitrarily chose to end the trial. Morrison, 628 So.2d at 840-41. The father filed a-motion for a new trial to which he appended the affidavit testimony of the witnesses he was prevented from presenting at trial. Morrison, 628 So.2d at 840. Our opinion does not disclose the substance of the testimony contained in the affidavits attached to the father’s motion for a new trial; however, the father’s argument was described as being that his “witnesses would have testified on contested points as to controlling facts and, therefore, they would have impeached the credibility of the mother’s testimony.” Morrison, 628 So.2d at 840. Although we stated that the evidence the father sought to present was not merely cumulative, we held that its exclusion was harmless error because the trial court, “after reading the affidavits attached to the father’s motion for new trial, apparently was not convinced that the evidence warranted a reversal of its decision.” Morrison, 628 So.2d at 841.
Although a trial court has discretion to exclude cumulative evidence, we stated clearly in Morrison that not all of the evidence sought to be introduced by the father was cumulative. Therefore, we must question the conclusion reached in Morrison. The conclusion that the failure to admit testimony that contradicts the already presented evidence on material points is harmless error appears untenable in light of a party’s due-process right to present evidence and controvert the other party’s claims. Because our harmless-error determination in Morrison is not supported by the law as it pertains to a party’s rights to due process or the exclusion *1114 of cumulative evidence, we overrule Morrison on that point.
The trial court in the present case conducted a trial over a portion of two days. A vast majority of the time allotted by the trial court for the trial was taken up by the paternal grandparents’ attempt to establish the mother’s unsuitability for custody. Although, in response to an objection to the limitation of time made by counsel for mother, the trial court stated, “It’s ... on the record I told everybody in plenty of time to call their witnesses,” the record reflects that the trial court warned the parties of the arbitrary time limit only 35 minutes before the expiration of that time limit. In addition, the trial court did not equally limit both parties to a certain amount of time for presentation of evidence. The paternal grandparents reaped the benefits of being the petitioners by being allowed to completely present their case by calling every witness they chose to call and establishing every fact they wished to establish. The mother, by virtue of her position as respondent, was severely limited in her ability to present her evidence and her arguments, and she was denied “a reasonable opportunity to controvert the opposition’s claims.” Crews, 358 So.2d at 455.
The trial court’s decision to limit the mother’s presentation of evidence in the present case was not an exercise of “actual and judicial discretion.” Case, 627 So.2d at 983-84. Instead it was an arbitrary decision that was decidedly unfair to the mother, whose due-process rights to present evidence and to controvert the paternal grandparents’ claims were violated. We have before stated, and we repeat again today, that “ ‘a trial court may not simply disallow testimony due to time constraints and the desire to clear its docket.’ ” Harbert v. Harbert, 721 So.2d at 225 (quoting Morrison, 628 So.2d at 841).[1]
REVERSED AND REMANDED.
THOMPSON, PITTMAN, and BRYAN, JJ., concur.
MURDOCK, J., concurs in the result, without writing.

. Notably, of the four child-custody cases discussed in this opinion in which a trial court has restricted the presentation of evidence — • Danford, Thorne, Harbert, and Case — three originated in Houston County. Thorne originated in Coffee County.